Daniel, J.
 

 The plaintiff’s intestate was the widow of the defendant’s intestate, Jno. Elliott, of the county of Randolph. After the interlocutory order had been made on her petition, appointing commissioners to allot to her a year’s allowance, she died before the allotment was made by them. We think that her administrator had no right to revive and prosecute the
 
 *196
 
 said petition. The Legislature certainly did not intend that the year’s allowance out of the stock, crop, and provisions of the intestate’s husband should be assets for any purpose, in the jjan(js 0|-
 
 ^
 
 administrator.' The intention was, as appears by the preamble to the first act on the subject (that of 1796)'to provide subsistence to the
 
 widow herself
 
 and her family. The second section of the said act declares that the allotment, to be made by the commissioners, is to be for the
 
 support
 
 of the widow and her family for the space of one year. The third section declares, that such allotment then made shall vest in the widow an absolute right therein, to her own use and the use of her children. But, it seems to us, that, if she be dead, before the commissioners make the allotment, the necessity for it would of course cease, as her house and her table only, whilst she was alive, were intended by the Legislature to be supported for one year, out of the assets of her husband. She, alone, can sue for the allotment. The children are not authorised to sue for any allotment. They were not intended to participate in the allotment in any other way, than as members of the widow’s family whilst she was alive. The children, therefore, must stand upon the same footing as the infant children of an intestate father, who leaves no widow; in which case the children certainly have no yearns allowance. It seems to us, that the petition and proceedings under it, were abated by the death of the widow, before a final judgment was rendered. The judgment rendered in the Superior Court must therefore be reversed, and the judgment rendered in the County Court must be affirmed.
 

 Per Curiam, Ordered accordingly.