MARY DUNN, *Ex parte*.

If a widow who has petitioned for a year's allowance die after the Commissioners have made the allotment and before the confirmation of their report by the Court, the petition abates, and cannot be revived by her administrator.

*(Cox* v. *Brown*, 5 Ire. 194, *Kimballs* v. *Deming*, 5 Ire. 418, cited and approved.)

PETITION for a year's allowance, abated before *Watts, J.*, at Fall Term 1868 of the Superior Court of WAKE.

The petition had been filed at February Term 1868 of the County Court of Wake. Upon the return of the report of the Commissioners, at May Term, the death of the petitioner was suggested, and her executor applied for leave to become a party to the petition. The Court, however, considering that the petition had abated, refused to allow the application. Thereupon the executor appealed.

It was agreed that Mrs. Dunn had died after the Commissioners had made out their report.

In the Superior Court, at the instance of certain creditors

of the estate, his Honor confirmed the judgment below, and the executor again appealed.

*Haywood,* for the appellant.

*Rogers & Batchelor, contra.*

SETTLE, J.   When a widow files a petition for a year's provisions, under the statute, and dies before any allotment is made, the administrator has no right to revive the petition, but it is abated.   *Cox,* v. *Brown,* 5 Ire. 194.

Before such allotment, she has no interest transmissible to her administrator.   *Kimball* v. *Deming,* 5 Ire. 418.

What amounts to an allotment ?

It is contended here, that the acts of the Commissioners, appointed by the County Court to allot and set apart a year's support for the petitioner, constituted such an allotment.

We cannot think so.

Their acts were only a part of the proceedings, necessary to obtain a year's provisions.   The petitioner died before the report was returned to Court.   Upon the return of the report it was open to exception, and might have been set aside.   The allotment is not complete until the report is confirmed by the Court.   There is no error.

PER CURIAM.                                        Judgment affirmed.