HEARD APRIL TERM, 1872.

## STEWART *vs.* PEARSON.

Where, in an action for settlement of an insolvent estate, the real estate is sold by order of the Court, it is competent for the Court to order one-sixth of the proceeds of the sale to be paid to the widow of decedent in lieu of dower, and this without a writ for admeasurement of dower or reference to ascertain its value.

Where the husband was seized at the time of his death, of the land in which dower is claimed, the sum to be assessed in lieu of dower is ascertained by the value of the land at the time of the assignment of dower.

The rule that one-sixth the fee simple value of the land is the value of the widow's dower, approved and adopted as the settled practice of the State.

Interest from the husband's death should be added. *Semble.*

BEFORE MOSES, J., AT NEWBERRY, SEPTEMBER TERM, 1871.

Action by Eliza R. Stewart, widow and administratrix of Robert Stewart, deceased, plaintiff, against Joseph Pearson and wife and others, heirs-at-law and creditors of decedent, defendants.

The complaint alleged that the estate of plaintiff's intestate was insolvent; that the real estate consisted of two lots in the village of Newberry—one the storehouse lot, and the other the residence of intestate; that it was necessary to sell the real estate to pay debts; and that plaintiff claimed dower in the real estate, but was willing to take one-sixth of the proceeds of the sale thereof in lieu of dower.

By an order made at Chambers, and dated March 2, 1871, the Sheriff was directed to sell the storehouse lot, and to pay to the plaintiff one-sixth of the proceeds thereof in lieu of her dower therein. This order, so far as it directed payment to plaintiff, was afterwards suspended by another order at Chambers, dated March 31st, 1871.

The Sheriff sold the storehouse lot for nine thousand dollars, and at the present term of the Circuit Court his report of the sale was confirmed without objection. The plaintiff then moved the Circuit Court for an order directing the Sheriff to pay to the plaintiff fifteen hundred dollars out of the proceeds of the sale, in lieu and bar of her dower in said lot. This order was opposed by some of the defendants, creditors of the intestate, but was granted by the Court.

The defendants appealed on grounds stated in the opinion of this Court.

*Jones, Baxter & Johnstone,* for appellants:

1. Dower is the right of the widow to one-third of the real estate

of which her husband was seized during coverture, and is required by A. A. 1787, 4 Stat., 742, to be laid off in land, by five Commissioners to be appointed for that purpose, unless it cannot be done without manifest disadvantage to some of the parties, and in that case they are authorized to assess a sum of money in lieu of dower, the amount to depend upon the age and health of the widow.— *Heyward* vs. *Cuthbert*, 2 Tr. Con. Rep., 626 ; *Wright* vs. *Jennings*, 1 Bail., 277 ; 2 Scribner on Dower, 641.

The Court will not even alter the return of Commissioners in Dower, much less undertake to assess a sum of money in lieu of dower without their aid.—*Douglass* vs. *McDill*, 1 Sp., 140.

Mrs. Stewart was proved to be 67 years old, and the assessment of one-sixth of the purchase money is excessive.

2. But, admitting the Court has the right to assess a sum in lieu of dower without the intervention of Commissioners or any other evidence except the amount of sale, the value of the lot at the death of the husband, and not the value at the time of sale, made some time afterwards, is the true basis upon which the dower should be assessed.— *Wright* vs. *Jennings*, 1 Bail., 277.

The parties really interested were not before the Court when the order was passed calling in creditors and allowing one-sixth of the proceeds of sale to the widow. This order was passed on the 2d March, 1871, and the creditors were not called in until 8th March, 1871, by publication.

*Fair, Pope*, contra :

The action, so far as the dower of the plaintiff is concerned, was entirely between the plaintiff and the heirs-at-law of the deceased husband, Robert Stewart. The land sold consisted of a small lot in the town of Newberry, forty feet front by one hundred feet back, and was incapable of an actual division, and at the sale brought the sum of $9,000. The sale was greatly to the advantage of the heirs and creditors, as well as the widow. All were benefited.

Did the only parties to the action have a right to consent that a reference or writ of admeasurement of dower should be waived, on the widow agreeing to take a sixth of the sale value? Who was there to object? Who is injured? None. The Act (see Ch. 113, p. 485, General Statutes,) only requires the heir-at-law to be brought before the Court, which was done, and a consent decree made by all proper parties, whereby everybody was benefited.— *Tennant* vs.

---

---

*Stoney,* 1 Rich. Eq., 223 ; *Keith* vs. *Trapier,* Bail. Eq., 64. " Where the value of dower is assessed, the estimate must be made in reference to the *time* of assessment, and not of the husband's death."

One-sixth of fee simple value in lieu of dower.—*Payne* vs. *Payne,* Dud., 124 ; *Woodward* vs. *Woodward,* 2 Rich. Eq., 23.

" One-sixth is the general rule, except in extreme youth on one hand, or of age and infirmities on the other."

Nov. 26, 1872. The opinion of the Court was delivered by

Moses, C. J. We are not called upon to consider so much of the argument of the counsel for the appellants as refers to the want of validity in the order of March 2, 1871, because made, as it is alleged, in the absence of parties said to be necessary. We do not propose to pass upon this question, because if there were any defect of parties, the order of 31st March, 1871, suspending until the regular Term that part of it which related to the payment of the sum assessed by the Court in lieu of dower, cured it, if, indeed, it ever existed. When the case was heard at the September Term following, these appellants were before the Court, with every opportunity to resist the claim of the plaintiff, which, by her complaint, she sought to enforce.

We therefore propose to confine our examination to the two grounds of exception submitted :

" *First.* That His Honor erred in decreeing that the respondent is entitled to one-sixth of the proceeds of sale of house and lot, when it is submitted that the assessment should be made, if at all, on the value of the house and lot at the death of Robert Stewart.

" *Second.* That His Honor erred in decreeing at all as to the amount of value of the respondent's dower, without a report of a Referee, or a return of Commissioners in Dower ascertaining the same."

The last it may be in proper course first to consider. It may be *conceded* that the practice of the Court of Equity in cases of dower has conformed to the *provisions* of the Act of 1786, (4 Stat., 742,) regulating its admeasurement by the Courts of Common Pleas ; and this required the issuing of a writ to a certain number of Commissioners, commanding them, or a majority of them, to mete out one third of the land ; and where the same cannot, in their opinion, be fairly and equally divided, without manifest injury or disadvantage,

then, having relation and regard to the true and real value of the lands in question, they are to assess a sum of money, to be paid to the widow, by the heir-at-law, or such other person as may be in possession.

The appellants, in making no opposition to the sale which had been *ordered* by the Court, and in no way objecting to its confirmation, must be deemed to have accepted the purchase money as in fact representing the land itself. Their own conduct, by the strongest implication, admitted that the "land could not be fairly and equally divided;" and when they rested, satisfied with the price it had brought at the sale ordered by the Court, they must be held to have accepted it as its full value exactly as if ascertaind by pursuing all the formalities prescribed by the statute. Before a conclusion could be had as to the estimate in money of the dower, it was necessary to find the value of the whole land, and this was done probably in a more satisfactory manner by a sale than if obtained merely through the opinion of the Commissioners.

Where the purpose of the writ, so far as it was intended to ascertain the value of the land, has been as well obtained in another mode, and where, after a sale is confirmed by the Court, all the proper parties being before it, the judgment of the Court is as well informed as if a writ had issued and a return been made, as was said by Chancellor Harper, in *Payne* vs. *Payne*, Dud. Eq., 128, "the measure of the complainant's renunciation may be ascertained by the proper application of the rules before laid down without the intervention of the Commissioners." Chancellor Wardlaw, in *Gibson* vs. *Marshall*, 6 Rich. Eq., 215, said: "Whatever may be the agency, it is the Court that assigns or assesses the dower."

Nor was the intervention of a Referee required to bring to the notice of the presiding Judge any facts necessary to his conclusion, if he was right in his assessment of the amount to which the plaintiff was entitled as the value of her dower. The seizin in the premises by the husband, during the coverture, and his death, were admitted, and we concur with him in holding that the dower is to be estimated according to the value of the land at the time of the assignment. The husband having died seized, the widow was entitled to one-third of the land for life. If in lieu of the assignment to her of land, a sum of money is substituted as its value, we cannot perceive the reason which would refer such value to the time of his

death. The usual writ, following the language of the Act of 1786, requires the Commissioners " to have relation and regard . to the true value of the lands in question; where the same cannot be fairly and equally divided without manifest disadvantage, then they are to assess a sum of money to be paid to the widow in lieu of her dower." It cannot be contended that this value is to be determined as at the death, for the language precludes such an inference. The authorities, too, point to the same conclusion.—*Keith* vs. *Trapier,* Bail. Eq., 63; *Hale* vs. *James,* 6 John. Ch., 260; *Powell* vs. *M. and B. Manufacturing Co.,* 3 Mason, 450.

Was the presiding Judge right in his allowance of one-sixth of the proceeds of the sale of the land as the value of the plaintiff's dower in it? In *Wright* vs. *Jennings,* 1 Bail., 280; one-sixth of the value of the entire fee was held equivalent to the widow's estate for life in one-third of the land. This, as the Judge delivering the opinion of the Court says, is the rule " which generally prevailed from the period when it was established in *Heyward* vs. *Cuthbert,* and (as he believes) has been approved by experience." There are *dicta,* however, to be found in the opinions of some of our Judges, " that, in extreme cases of youth, on the one hand, or of age and infirmity, on the other, something more or less, according to circumstances, may be allowed." Notwithstanding these, the general rule has been adhered to, so far either as the books disclose or our own recollection of the practice can attest.

In a State like this, depending for its wealth more on its agricultural than its mercantile or manufacturing resources—where the people have not the facilities afforded by ready access to life assurance tables, or mortuary registers—where the persons, as Mr. Justice Nott remarks, in the case already referred to, " usually selected for Commissioners, would be very incompetent to apply the table of life annuities to the various causes that may arise"—it is better to adhere to a system which is known, and by which, in the transfers of real estate, an inherent and fixed value may be given to the interest of the wife, should she survive, than to " trust to results which, at last, must depend on mere speculation."

In *Woodward* vs. *Woodward,* 2 Rich. Eq., 28, Chancellor Johnson, delivering the opinion of the Court, said, " The sum assessed is one-sixth part of the fee simple value of the land, and is in exact conformity with the settled and long established rule by which the value of dower is ascertained, without reference to interest or mesne profits."

In *Douglas* vs. *McDill*, 1 Sp., 140, Mr. Justice Richardson says: " The right of dower is the same as other legal rights to property, and, as strictly regarded in law, old or young, the widow has the same estate, and, of course, is entitled to the same equivalent. Yet, there are judicial *dicta* that would go to allow some discretion in extreme cases of the age or youth of the widow. But, for myself, I do not recognize any such qualification."

The rule, allowing the one-sixth of the whole assessment, as is said in the above case, proceeds upon the principle " that seven years' use of land being the measure of the value of a life estate, it naturally follows that seven years' lawful interest of the money value of the land is the equivalent of the life estate. One-third of seven years' interest is so nearly equal to one-sixth of the whole assessment, that such one-sixth is taken in practice as the true measure of the value of dower."

It is certainly clear that whatever sum was allowed the plaintiff in lieu of her dower, it should have been increased by the value of one-third of the whole mesne profits (or interest in the place of it,) since the death of her husband.

This, it appears, was not done, and no complaint is made for the omission. Doubtless, full justice has been rendered between the parties, and in an estate so much favored by the law we are not disposed to weigh with the most delicate scales the amount awarded as the value of the dower, with the view of discovering whether, by the most-exact forms, a trifling and inconsiderate diminution of the sum might not be required of her.

The motion is refused and the appeal dismissed.

*Willard*, A. J., and *Wright*, A. J., concurred.