### ASBILL v. ASBILL.

1. The judge should construe a written paper, but, in a chancery case, he may submit as an issue to the jury, what the terms of a lost paper were; and such an issue having been ordered, the succeeding judge could not disregard the order.
2. An omission to charge a matter not requested, is not error of law.
3. Findings of fact by a jury on issues referred to them out of chancery, adopted by the Circuit Judge, approved, being sustained by the testimony.
4. Where commissioners in dower assign one-sixth in value of the lands to the widow in fee for her dower, and the return is confirmed, and no appeal taken, the assignment cannot afterwards be questioned.
    MR. CHIEF JUSTICE SIMPSON concurred in the result, and MR. JUSTICE MCIVER dissented as to the effect given to the parol testimony.

Before WALLACE, J., Edgefield, October, 1884.

This appeal was from the following decree:

After the death of A. W. Asbill, his estate, being insolvent, was settled by proceedings in the court, to which his widow, Elizabeth Asbill, was a party. In her answer to the complaint she elected to take dower, and it was ordered that dower be assigned to her. A part of the land held by her husband at the time of his death was surveyed by direction of the commissioners

in dower, and Mrs. Asbill put in possession. Subsequently she acquired more land by purchase, and executed two deeds to her youngest sons, Michael and William Asbill, conveying the land of which she had been put in possession by the commissioners in dower, as well as the land which she had subsequently acquired. These deeds were delivered by her to G. W. Asbill, to be delivered to the grantees after her death. They were delivered to Michael and William at their request a short time before the death of their mother.

Mrs. Elizabeth Asbill having died, her older children bring this action to partition the land which had been assigned to her, and by her conveyed to her two youngest children, and claim that she only had an estate for life in the land, and at her death it became divisible among the heirs of A. W. Asbill. Upon the other hand, the grantees of Elizabeth Asbill, Michael and William, allege that one-sixth in value of their father's land was assigned in fee to the widow in lieu of dower, by the commissioners to lay off dower, and that that assignment was confirmed by the court by the consent of all parties in interest. It thus appears that the pivotal question in the cause is, what was the nature of the interest of Mrs. Asbill in the land assigned to her by the commissioners' return which was confirmed by the court?

The cause came on to be heard before Judge Aldrich, who, after listening to the argument of counsel, directed that an issue be submitted to a jury to say, "What was the return of the commissioners in dower, confirmed by Chancellor Carroll November 13, 1867?"

The cause came on to be heard before me and the issue directed by Judge Aldrich was submitted to a jury. The testimony taken before the master was read over to them, and after able and exhaustive argument by counsel, the jury found in substance that the land assigned to Mrs. Asbill was assigned absolutely and in fee, and was not assigned for her life only. It should have been stated before that this inquiry was rendered necessary by the loss of both the writ and the return of the commissioners. The order of confirmation, however, was on the record. I think the preponderance of the testimony is in favor of the finding of the jury, which is therefore approved. The assignment of one-

sixth in value of the land having been confirmed by the court, and not appealed from, the absolute right of Mrs. Asbill to the fee became fixed and cannot now be disturbed. It is a necessary consequence that her deed conveyed the fee to her two sons, Michael and William. It is therefore ordered, adjudged, and decreed, that the complaint be dismissed.

From this decree the plaintiffs appealed.

*Messrs. Arthur S. Tompkins* and *L. Charlton,* for appellants.

*Messrs. Sheppard Bros.,* contra.

March 8, 1886. The opinion of the court was delivered by

MR. JUSTICE MCGOWAN. A. W. Asbill died intestate in 1867, possessed of a considerable property, consisting for the most part of several tracts of land. He left as his heirs at law, his widow, Elizabeth, and eight children. Being largely indebted, a bill was filed to sell the lands and marshal the assets. The widow claimed dower, and commissioners were appointed to lay it off. Three of them, L. P. Rutland, Charles Pardue, and William Powell, executed the writ and made return, which (as appears from the records of the office of the then commissioner in equity) was confirmed in general terms by an order of Chancellor Carroll, Nov. 13, 1867. It appeared that all the lands of the estate were sold except the tract marked "No. 1," to which reference was made in bounding "No. 2," as having been "assigned to widow as her dower." The widow and her two youngest sons, Michael and Willie, lived on this place until she died in 1882, when this action was commenced by some of the other children to partition the same as of the estate of the intestate, A. W. Asbill, in the view that, having been assigned to the widow as her dower, her interest expired at her death, and the land is now subject to partition among all his heirs.

The younger sons, Michael and Willie, being in possession, answered, denying the right to partition. They claimed that their mother had fee simple title to the whole tract of 195 acres; that 133 acres of it were assigned to her in fee by the commissioners in dower as her one-sixth part in value of all the lands of

which her husband died seized, and the same was conveyed by her to them on May 26, 1871; and that afterwards, in February, 1872, she acquired by purchase from Lewis G. Asbill the remaining 34 acres, and also conveyed the same to them on February 13, 1874, and that they together now have a fee simple title to the whole of the said land.

Judge Fraser referred it to the master to take the testimony, which was done. Among other things, it appeared that the writ in dower and the return of the commissioners in the original bill of *M. B. Asbill et al.* v. *Elizabeth Asbill et al.*, to marshal assets, were lost, and Judge Aldrich ordered an issue to be submitted to a jury to say "what was the return of the commissioners in dower, confirmed by Chancellor Carroll, Nov. 13, 1867." The issue came on for trial before Judge Wallace. The testimony was read to the jury and, under the charge of the judge, they found in substance that the land assigned to Mrs. Asbill was assigned absolutely and in fee, and was not assigned for her life only. Whereupon the judge held, "that the preponderance of the testimony was in favor of the finding of the jury, which was approved. The assignment of one-sixth in value of the land having been confirmed by the court and not appealed from, the absolute right of Mrs. Asbill to the fee became fixed and cannot now be disturbed. It is a necessary consequence that her deed conveyed the fee to her two sons, Michael and William."

From this decree the plaintiffs appeal upon various grounds, involving in substance these propositions: *First*, that Judge Aldrich erred in ordering an issue to determine "what was the return of the commissioners," as it could not, according to law, have been other than an assignment for life; that the statute authorizing one-sixth of the fee simple value of the lands to be given for dower is limited to the case of an assessment of money in lieu of dower; but when lands are assigned it can only be one-third and that for life. *Second*, that Judge Wallace erred in not charging the jury as to what are the powers and duties of commissioners in dower, and as to the well defined methods and established usages of this State in assigning dower. *Third*, that he erred in submitting the issue to the jury and in approving their finding. *Fourth*, that he erred in finding that Mrs. Eliza-

beth Asbill purchased any of the land in dispute. "She did bargain for some, but never paid for it, and titles were never made to her, and the court misconceived the testimony on that point."

This was a case for equitable relief, and Judge Aldrich had the right to order an issue to determine any fact as to which there was conflicting testimony, and which was pertinent to the decision of the case under consideration. As we understand, the issue was not ordered to construe a written paper in existence, but to determine, as a fact, what were the terms of a lost paper. It is true that dower at common law was one-third for life of the lands of which the husband was seized during coverture; but our statute provides that a sum of money may be assessed in lieu of dower, and in that case it has been adopted as a rule of practice to give one-sixth of the fee simple value of the lands; for the reason that—assuming a life estate to be seven years, and the interest on money to be equivalent to the use of lands—the interest on one-third of the value of lands for seven years is found to be within a fraction of one-sixth of the value of the whole. *Wright* v. *Jennings,* 1 *Bail.,* 277; *Douglass* v. *McDill,* 1 *Speer,* 140.

This being established as the money value of dower, it is not as a fact impossible that commissioners, when the widow desired it, should undertake to assign as dower, not one-third of the land for life, but one-sixth in fee simple. Such assignment would be out of the usual course, and irregular, but could hardly be said to violate any substantial rights; and if those who were parties to the proceeding in which it was made, stand by and allow it to be confirmed, giving to the widow the use of less land, in consideration of that being in fee, we do not see that they could afterwards object, and cut down the fee to an estate for life, simply for the reason that it was assigned as dower. Suppose we had the return before us, and it gave in express terms the land as one-sixth in fee, would the parties who were before the court when that return was confirmed, be heard now to object to it? If not, the tenor of that return was an important fact in the case. See section 2285 of the *General Statutes; McCaw* v. *Blewitt, Bail. Eq.,* 98.

We do not see that Judge Wallace erred in submitting the

issue to the jury. It was the order of the judge who preceded him, and he could not disregard or reverse it. Nor did he commit error of law in omitting to go on and instruct the jury as to the powers of commissioners in dower and the established practice in assigning dower in this State. There were no requests to charge in the particulars indicated, and therefore the omission so to charge was not error of law appealable to this court.

But it was urged that the judge erred in finding that the land was assigned to Mrs. Asbill as one sixth absolutely and in fee, and not for life only. This was a question of fact, as to which there was concurrence between the jury, who tried the issue, and the Circuit Judge, who approved the finding. In such case, it is the settled practice of this court not to disturb the finding, unless it is without any evidence to sustain it, or is manifestly against the weight of the evidence. In this particular the case is like that of *Pressley* v. *Kemp*, 16 *S. C.*, 343. That, also, was an equity case, in which there were findings of a jury on issues of fact approved by the Circuit Judge. The court say: "Under these circumstances, this court will generally accept as established the facts there found. Inquiry must end somewhere. A jury of the vicinage acquainted with the witnesses, &c., is peculiarly fitted to weigh conflicting testimony and decide contested questions of fact. Where the finding of such a body of twelve men is approved and adopted by the Circuit Judge, intelligent, disinterested, and accustomed to consider the force of testimony, it would seem that the verdict ought to be as near absolute truth as is attainable under imperfect human institutions," &c.

We have looked carefully through the testimony, only the more closely because of the strange disappearance of the return, and the peculiar character claimed for it; and we cannot say that the finding was against the weight of evidence. On the contrary, we incline to agree with the Circuit Judge that it was in accordance with the weight of the testimony. There was some conflict, but both the surviving commissioners, Rutland and Pardue, who assisted in laying off the dower, concurred in their impressions, that one-sixth in value was assigned in fee. It appeared with reasonable certainty that before the assignment, Mrs. Asbill expressed the wish to have what was given to her in such way that

she "could do what she pleased with it;" and after the assign-ment, that continued to be her view; for as early as 1871 she got her brother-in-law, G. W. Asbill, to draw the deed of 133 acres assigned to her, and afterwards to draw the other deed of 34 acres, which she acquired from Lewis G. Asbill, saying that "Michael and William, at the death of their father, were quite small and weakly, and have since been feeble, and had none of the advantages enjoyed by the other children."

From the view taken, we do not see that it was important to determine whether the whole 195 acres or only the 133 acres were assigned as dower, except as bearing upon the question of fact, whether one-third or one-sixth was assigned. But if it were important, we think there can be no doubt that the parties them-selves considered that only the 133 acres were effectively assigned as dower; for when Mrs. Asbill made her first deed to her sons in 1871, she only conveyed that number of acres; but after Lewis G. Asbill (who had purchased the land at the sale) made a deed to her of the 34 acres, she also conveyed that in 1874.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE SIMPSON. I concur in the result of this case on the ground that the parties to the action to marshal the estate and sell the real estate of the deceased, in which the widow claimed dower, submitted to the confirmation of the assignment of dower by the commissioners without appeal. But I cannot agree to the proposition, that commissioners in dower have the power to assign any portion of the real estate in fee, as an original question.

MR. JUSTICE McIVER. As I cannot accept the conclusion reached by the majority of the court upon the main question involved in this case, I propose to indicate as briefly as practi-cable some of my difficulties.

It seems to me that there was no room for the question of fact upon which the decision is made to turn. There is no doubt that the land in question, or, rather, the larger portion of it, was assigned to the widow as her dower; and, according to my under-

standing, there is but one way by which this can be done—that is, by the assignment of one-third in value of the land, in which the right of dower exists, for the life of the widow. It is true that our statute provides that in certain contingencies a sum of money may be assessed to the widow in lieu of dower; but, properly speaking, that is not an assignment of dower, but by the express terms of the act is compensation *in lieu* of dower. Whenever, therefore, the *fact* is ascertained that dower has been assigned to the widow, then the *law* steps in and fixes absolutely the nature of the interest so assigned. In this case, the fact that dower was assigned is conceded, and those portions of the record which have been preserved demonstrate that the fact is as it is conceded to be, and, hence, it does not seem to me that there was any room for further inquiry as to the facts.

But, more than this, the record shows that there was an order of the court, directing "that a writ for the admeasurement of the widow's dower do issue," directed to certain persons named, requiring them "to admeasure the widow's dower," and another order in these words: "On hearing the bill and answer, together with the return of the *cause* [no doubt a misprint for *commissioners*] to the writ to admeasure dower in this cause, on the motion of Mr. Clark, complainant's solicitor, and with the consent of Messrs. Abney & Wright, defendant's solicitors, ordered, that the said return be confirmed." The writ for the admeasurement of dower and the return of the commissioners were, however, lost. Now, it seems to me that, upon well settled principles, we are bound to assume, from this order confirming the return of the commissioners, which was in effect the final judgment as to the matter of dower, that all the previous and intermediate proceedings—the writ and return—were regular and proper; and if so, then the conclusion is inevitable, that the land assigned to the widow as her dower was only assigned to her for life, and not in fee.

As to the other points involved, I concur with the majority of the court.

Judgment affirmed.