The **NATIONAL BANK OF ORANGE,** Orange, Virginia, Administrator of the Estate of Arthur E. Sims, Plaintiff,

v.

**UNITED STATES of America,** Defendant.

Civ. A. No. 2632.

United States District Court E. D. Virginia, Alexandria Division.

June 17, 1963.

V. R. Shackelford, Jr., Orange, Va., for plaintiff.

Plato Cacheris, First Asst. U. S. Atty., Alexandria, Va., for defendant.

LEWIS, District Judge.

This is an action brought to recover estate taxes assessed against the plaintiff and collected by the Commissioner of Internal Revenue of the United States. The controversy arises over the marital deduction claimed under § 2056, Title 26, U.S.C.A.

The facts are not in dispute and were submitted to the Court by stipulation with supporting exhibits. They are as follows:

Arthur E. Sims died intestate on April 9, 1957. He was survived by his widow, Louise B. Sims, and three minor children, who were his sole heirs at law. The National Bank of Orange, the plaintiff herein, was duly qualified as administrator of Mr. Sims' estate, and the wife was appointed and qualified as guardian of the three minor children.

The late Mr. Sims owned a farm in Orange County, Virginia, known as the Boulware Farm. This farm by operation of law passed from the decedent to his three minor children, subject to the widow's dower interest.

The widow's dower in this farm had not been assigned or laid off in kind as of June 3, 1957. On that date the infant heirs at law, by their guardian, instituted suit in the Circuit Court of Orange County, Virginia, to have the Boulware Farm sold. They alleged that the widow's dower could not be laid off in kind and prayed that her dower be com-

muted and paid to her. The widow in her answer joined in the prayer that the farm be sold and that her dower interest be commuted and paid to her as provided for under the laws of Virginia.

Upon a hearing, the court found that the interest of the infant defendants would be promoted by the sale of the farm, and appointed special commissioners to negotiate for the sale of the property. The court, on July 30, 1958, approved the sale for $65,000.00 and directed the special commissioners to convey the property to the purchaser upon receipt of the full purchase price, free of the widow's dower interest therein.

The widow's dower interest was then commuted in accordance with § 55–269 of the Code of Virginia, and the aggregate amount of $14,067.50 was paid over to her out of the proceeds from said sale.

On June 20, 1958, the plaintiff filed the estate tax return of Arthur E. Sims, in which no amount of the commuted dower interest of the widow was included in the marital deduction. Subsequently the plaintiff duly filed a claim for a refund, claiming that the commuted dower interest of the widow qualified for the marital deduction. This deduction thus claimed was disallowed by the Internal Revenue Bureau on the ground that the dower interest of the widow in Boulware Farm was a non-deductible terminable interest.

Under the provisions of § 2056(a) of the Internal Revenue Code of 1954, an estate is allowed a deduction for property (to the extent of one-half of the value of the estate) which passes to the widow.

One limitation on this rule is that provided in § 2056(b): that there is no deduction allowed for an interest passing to the widow which is terminable upon her death or upon the happening of some other event.

We hold in the instant case that the payment made to the widow for the commuted value of her dower interest in the Boulware Farm qualifies for the marital deduction, as provided for in the statute referred to in the preceding paragraph. There was no sale by the widow of her dower interest in this farm.

■ It is well settled in Virginia that until the widow's dower has been assigned to her, her dower right is merely a right to sue for and compel the setting aside to her of her dower interest. It is not an estate in itself. 6 Michie's Jurisprudence 370; 1 Minor on Real Property (2d Ed. Ribble) 405.

■ When the widow's dower is laid off and assigned to her it becomes a life estate (terminable) in the land assigned. Here the widow's dower was never assigned. To the contrary, the Circuit Court of Orange County, Virginia, in a suit instituted in behalf of the infant heirs, held that the widow's dower in the said land could not be conveniently laid off and assigned to her. Thus she had the right by statute to have her dower commuted and paid to her.[1] She exercised that right under § 64–38.1 of the Virginia Code and thus acquired cash, which was certainly not a terminable interest.

Substantially the same question has been determined adversely to the Government in three circuits—the Fifth,[2]

---

1. Section 64–38.1 of the Code of Virginia provides as follows:

"In lieu of having her dower assigned, a widow having a vested right of dower in real property, may, where it appears that her dower cannot be conveniently laid off and assigned in kind, petition the court to commute the same. In such event the court may, in its discretion, either require the heirs at law to pay to such widow a gross sum in lieu of dower, determined as provided in article 2 (§ 55–269 et seq.) of chapter 15 of Title 55 of this Code; or may, if such heirs fail or refuse to make such payment, have such real property sold. From the proceeds of such sale there shall be paid, first, the gross sum equivalent of the widow's dower interest; the remainder of such proceeds shall be paid to the heirs at law, pro rata, according to their interest in such real property."

2. United States v. Crosby, 257 F.2d 515.

the Sixth[3] and the Eighth.[4] Although the factual situations and statutes under consideration in those cases differ slightly from those here involved, they are not distinguishable, as the Government contends. The Fifth Circuit again reached the same conclusion in Hiles v. United States, 198 F.Supp. 857, affirmed May 17, 1963, 318 F.2d 56, wherein it was held commuted dower under the laws of Alabama is not excludable from the marital deduction.

Judge Michie of the Western District of Virginia reached the same conclusion in the case of the First National Exchange Bank of Roanoke, Executor and Trustee, etc. v. United States of America, 217 F.Supp. 604. In that case the widow, after renouncing under the will, demanded that her commuted dower interest be paid to her under § 64–38.1 of the Virginia Code on the ground that her dower could not conveniently be laid off and assigned in kind.

The marital deduction section of the Internal Revenue Code (§ 2056) was fashioned to achieve better geographic equalization between citizens of the community-property states and the non-community-property states in the impact of the estate taxes. It anticipates that the property used for the marital deduction and passing from the deceased spouse to the surviving spouse, though exempted from any tax in the estate of the deceased spouse, gains only a respite and not absolution, as such property will augment the estate of the surviving spouse and ultimately make its contribution under the estate tax law.[5] The commuted dower here, consisting of cash, squares with this policy.

Therefore, the administrator of the estate of Arthur E. Sims should have been allowed a deduction for estate tax purposes of the payment made to the widow for the commuted value of her dower right.

Counsel for the plaintiff should prepare an appropriate order in accordance with this memorandum opinion, submit it to counsel for the defendant for approval as to form, and it will be entered accordingly.

---

3. Dougherty v. United States, 292 F.2d 331.

4. United States v. Traders National Bank of Kansas City, 248 F.2d 667.

5. See Hiles v. United States, supra.