**ESTATE of Urban M. KENNEDY, Deceased, the South Carolina National Bank, Executor, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 67–536.**

United States District Court
D. South Carolina,
Charleston Division.

July 23, 1969.

George E. Grimball, Jr., Charleston, S. C., for plaintiff.

Johnnie M. Walters, Asst. Atty. Gen., Myron C. Baum, Donald B. Craven, Attys., Dept. of Justice, Washington, D. C., Klyde Robinson, U. S. Atty., Columbia, S. C., Thomas P. Simpson, Asst. U. S. Atty., Charleston, S. C., for defendant.

## FINDINGS OF FACT and CONCLUSIONS OF LAW

DONALD RUSSELL, District Judge.

This action to recover federal estate taxes, allegedly erroneously and illegally assessed and collected of the plaintiff, involves the right of the estate to a marital deduction for property awarded the widow of the testator by way of dower.

The facts have been stipulated between the parties and such stipulation is hereby adopted as the Findings of Fact herein.

From such stipulation, it appears that, on account of property awards, partially in cash and partially in land, to the wid-

ow by way of dower, the plaintiff, as executor of the estate of the deceased, claimed a marital deduction in the amount of $31,291.70, upon its estate tax return. The Commissioner disallowed $28,291.70 of such deduction and imposed an estate tax thereon, which was paid by the plaintiff. Thereafter plaintiff filed a claim for refund, which was timely only with respect to those payments made by plaintiff on August 23, 1963, in the respective amounts of $9,-783.15 and $4,214.02. It is to recover such payments that this suit is brought.

It is conceded by both parties that the right of the plaintiff to claim a marital deduction for property awarded the testator's widow by way of dower turns on a construction of Section 2056, 26 U.S. C.A.

In computing the estate tax, Section 2056, authorizes a marital deduction from the gross estate, not to exceed 50 per cent of the adjusted gross estate, to the extent of the value of nonterminable property interests passing from a decedent to his surviving spouse at the time of death. It includes a definition of the term "property interests." Among the property interests "considered as passing from the decedent to any person" the statute specifically defines "the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent."[1]

The purpose of Section 2056 was to equalize federal estate tax results in community property and common law jurisdictions. In Dougherty v. United States (C.C.A.Ky.1961) 292 F.2d 331, 337, the Court expressed this purpose thus:

"The purpose of the provision (i.e., Section 2056) was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse. Generally speaking, the 'terminable interest' concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from the gross estate of the decedent, it would be adequately integrated in the spouse's estate so that on her death, it would not escape the death tax a second time. 'The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse.' "

Consonant with this Congressional purpose, the Courts have sought to give the statute a liberal construction, looking more to substance than to form.[2] Accordingly, if the estate passing to the surviving spouse is such that it satisfies the purpose of the statute (i.e., becomes taxable in the estate of the surviving spouse, or as one Court has phrased, "gains only a respite and not absolution" from estate taxes), the disposition of the Courts, as evidenced in repeated decisions, is to sustain the right to a marital deduction therefor.[3]

In this case, the widow petitioned under Sections 19–161, Chapter 3, Code of South Carolina (1962) for the admeasurement of her dower. In her petition

---

1. Subdivision (e) (3).

2. United States v. Crosby (C.C.A.Fla.1958) 257 F.2d 515, 518; Bradham v. United States (D.C.Ark.1968) 287 F.Supp. 10, 15; Wachovia Bank & Trust Company v. United States (D.C.N.C.1964) 234 F. Supp. 897, 901; National Bank of Orange v. United States (D.C.Va.1963) 218 F. Supp. 907, 910.

3. See Dougherty v. United States, *supra*, at p. 337:
   "Under this construction of the Act, we are more concerned with what the widow actually received in the settlement of her husband's estate than with what she was technically entitled to receive but actually did not receive."
   Stephens v. United States (D.C.Mont. 1967) 270 F.Supp. 968, 969–970.

she asked that it be assigned her in the form of a one-sixth interest in fee absolute in all lands possessed by the decedent at his death or, in case such lands were sold, in one-sixth of the proceeds of sale. Such petition was agreed to and assignment of land and cash was made to the widow.[4] There thus passed to, and became vested in, her, from the estate of her husband, an absolute nonterminable one-sixth interest in all lands of the decedent owned by him at his death and not sold by his executor and in the proceeds of all sales of land made by the executor. It is this interest in land and in cash thus passing to the widow, which the plaintiff contends qualifies for a marital deduction under Section 2056.

The defendant argues that the property received by the widow fails to qualify, because her dower interest was, at the time of her husband's death, a terminable interest, being contingent upon her survival until dower had been definitely allotted to her. It urges that the terminability of the widow's dower interest is fixed as of the date of decedent's death and, if terminable at that time, it cannot qualify as a marital deduction. Following this reasoning, it argues that the right of the widow to the land and cash allotted to her subsequently by way of dower was contingent at the time of the decedent's death upon her survival until actual allotment of dower was made to her and that, at best, until such allotment was made, her interest by way of dower was a mere one-third life-estate, terminable, of course, on her death.

It is the general rule at common law and in most jurisdictions that (1) dower does not vest until it has been properly allotted[5] and (2) it normally is defined as a one-third life interest.[6] It is plain, then, that, if the statute is to be given the strict interpretation urged by the defendant, the allowance of dower as a marital deduction in any instance is precluded.[7] Such a strict interpretation seems clearly contrary to the Congressional purpose in enacting Section 2056. It, if adopted, would make meaningless and would nullify that portion of the statute which defines "dower" as a property interest which may qualify under Section 2056. The Courts, taking a more realistic view and deferring to the obvious purpose of the statute, have with an almost complete uniformity held that dower interests, allotted, whether in cash or in land, in absolute fee qualify as a marital deduction.[8] It is generally stated that, while, at the husband's death, the vested right of the widow to dower is "merely a right to sue for and compel the setting aside to her of her dower interest," such right, when recognized by an allotment, becomes a "vested estate" which relates back to the date of her husband's death. United States v. Crosby, *supra*, at p. 520 (257 F.2d); Bradham v. United States, *supra*, at p. 16 (287 F.Supp.). Indeed, in First National Exchange Bank of Roanoke v. United States (C.C.A.Va.1964) 335 F.2d 91, 93, note 7, "The Government concedes

---

4. Such procedure operates as an allotment, conforming to South Carolina law. Stewart v. Pearson (1872) 4 S.C. 4, 8.
   See, also, United States v. Hiles (C.C.A. Ala.1963) 318 F.2d 56, 59; Stephens v. United States, *supra*, at p. 971 (270 F. Supp.).

5. Wachovia Bank & Trust Company v. United States (D.C.N.C.1964) 234 F. Supp. 897, 899.

6. Asbill v. Asbill (1886) 24 S.C. 355, 359; Geiger v. Geiger (1900) 57 S.C. 521, 529, 35 S.E. 1031; Ex Parte Clark (1925) 130 S.C. 501, 507–508, 126 S.E. 137.

7. See, Hamilton National Bank of Knoxville v. United States (C.C.A.Tenn.1965) 353 F.2d 930, 932, note 1, cert. den. 384 U.S. 939, 86 S.Ct. 1455, 16 L.Ed.2d 538; Estate of William A. Landers, Sr. (1962) 38 T.C. 828, 837.

8. First National Exchange Bank of Roanoke v. United States (C.C.A.Va. 1964) 335 F.2d 91; Wachovia Bank & Trust Co. v. United States (D.C.N.C. 1964) 234 F.Supp. 897; National Bank of Orange v. United States (D.C.Va.1963) 218 F.Supp. 907; United States v. Crosby, *supra*; Dougherty v. United States, *supra*; Bradham v. United States, *supra*.

(d) that the widow's election to take against her husband's will and to take her dower relates back to the date of the husband's death." Likewise, while, at time of the husband's death, the right by way of dower in the widow in practically all jurisdictions is normally spoken of as a life estate, the Courts look to the estate finally acquired by the widow in the allotment of her dower and determines then its quality under Section 2056; and, if it is represented in an absolute fee, whether in cash or in land, it qualifies. The widow in this case at no time had a life estate in the lands owned by her husband; the only estate ever allotted to her (and until allotment she had no estate) was an absolute fee and as such it qualified under Section 2056.

Actually, in South Carolina, by whose law the widow's right to dower in this case is controlled, it is traditionally assumed that the widow may, by way of dower, claim either a one-third life estate in her deceased husband's lands or a one-sixth interest in fee simple. Thus in Geiger v. Geiger (1900) 57 S.C. 521, 529, 35 S.E. 1031, the Court said that, "The rule is to allow *one-sixth absolutely* in lieu of one-third for life" (Italics by Court). This principle originated in the cases where it was not convenient to set-off in kind and a cash assessment or commutation was made. Wright v. Jennings (1829) 1 Bailey (17 S.C.Law) 277, 280; Stewart v. Pearson (1872) 4 S.C. 4, 8. But, in Asbill v. Asbill (1886) 24 S.C. 355, 359, the principle was held equally applicable, whether the allotment was a cash settlement under Section 19–166 or represented an assignment of an interest in land. Accordingly, the widow herein had a right, upon renouncing her rights under the will, to demand dower either in the form of a life estate or an estate in fee simple. Exercising her election, she chose an absolute estate; upon that elec-

tion, her title in fee simple related back to the decedent's death and met the requirements of Section 2056 for a marital deduction.

It is argued by the defendant that the decisions sustaining the deductibility of dower interests under Section 2056 either antedated or failed to give proper effect to Jackson v. United States (1964) 376 U.S. 503, 84 S.Ct. 869, 11 L. Ed.2d 871, which, under defendant's construction, proscribes dower as a marital deduction. That argument was considered and dismissed by our Circuit Court in First National Exchange Bank of Roanoke v. United States (C.C.A.Va. 1964) 335 F.2d 91, 93–94. The Court in that case clearly distinguished between a widow's allowance under California law, which was the issue in the *Jackson Case,* and the widow's dower which is specifically provided for in the statute. Wachovia Bank & Trust Company v. United States (D.C.N.C.1964) 234 F.Supp. 897, decided shortly after and on the basis of the *First National Exchange Bank Case,* recognized the difference between dower, when assigned as an absolute estate, and the widow's allowance, and, after giving proper effect to the *Jackson Case,* held that the widow's allowance in that case failed to qualify but that the dower, assigned as an absolute interest, did qualify as a marital deduction under Section 2056. (pp. 899–900) See, also, Bradham v. United States, *supra,* p. 17 (287 F.Supp.).

For the reasons given, I am of opinion that the allotment of dower made the widow herein qualifies as a marital deduction in the calculation of estate taxes due by the plaintiff, and that plaintiff is entitled to recover all payments made on account of its disallowance, so far as timely claim was filed therefor. Let the parties submit an order for judgment herein in conformity with this conclusion.