PALMER ADAMS & another, Executors *vs.* HANNAH ADAMS.

The provision in *St.* 1838, *c.* 145, that a judge of probate may allow part of the personal estate of a deceased person to his widow, for necessaries, was intended for her personal and temporary relief, and not to confer an absolute or contingent right of property, which can survive her, or go to her personal representative: If, therefore, an appeal is taken from a decree making such allowance, and the widow dies before the appeal is entered in the appellate court, all further proceedings must be stayed.

THE judge of probate for this county passed a decree, on the first Tuesday of September 1844, allowing to Hannah Adams, widow of James Adams, late of Barre, the sum of $500 out of the personal property of said James; she having waived the provision made for her in his last will, claimed dower in his estate, and had her dower therein set out to her. The executors of the will appealed from the said decree, and entered their appeal at the last April term of this court. On the 19th of December 1844, the said Hannah died intestate. The administrator of her estate proposed to enter an appearance and to ask for an affirmance of the decree.

The appellants moved that the case be dismissed from the docket, on the ground that the claim of the widow did not survive to her administrator, and that no decree could be made by this court; the decree of the court below having been vacated by the appeal.

*G. Parker*, for the appellants.

*Barton & Bacon*, contra.

SHAW, C. J. The judge of probate for this county, having made an allowance to the original petitioner, Hannah Adams, widow, the executors took an appeal; and before the sitting of the appellate court, the widow deceased. The question is, whether her administrator can now come in and claim the allowance; and this, we think, depends upon the question, whether the right to such allowance survives. This depends on Rev. Sts. *c.* 64, § 1, and *c.* 65, § 4, as modified by *St.* 1838, *c.* 145. This provision for a widow, for necessaries, to be made at the discretion of the judge of probate, is not

Adams & another, Executors *v.* Adams.

to be confounded with her distributive share of intestate estate. That is a vested right of property, which she takes by a title as high as that of a child or other next of kin ; and it goes to her personal representative. *Foster* v. *Fifield*, 20 Pick. 67.

We are satisfied of the correctness of the views of the revising commissioners on this subject, in their report, in notes to *c. 65.* " This allowance," say they, " for necessaries is not intended to compensate the widow for any apparent injustice to which she may, in any case, be exposed by the statute rules of distribution, or by the will of her husband ; but merely to furnish her with a reasonable maintenance for a few weeks, and with some articles of necessary furniture, when she is not otherwise provided with them."

On the whole, though there may have been some fluctuating views on the subject, we are of opinion, that this provision is intended for the present relief of the widow, for the maintenance of herself and children ; that it is temporary in its nature and personal in its character, and confers no absolute or contingent right of property, which can survive her, or go to her personal representative. Upon no other ground could this provision be rescued from the imputation of injustice ; as it would in many cases operate to take property, even from creditors already suffering from the insolvency of their debtor — a class always most highly favored. As a small, temporary, personal allowance to a widow left in distress by the decease of her husband, out of articles of little value, most useful to her, but which would do very little towards increasing the fund for creditors, till some arrangement can be made, it is an equitable provision.

The decree of the court below was vacated by the appeal, and could only be revived by a decree of this court. But as the decease of the widow put an end to the claim, before the decree could be so revived, all further proceedings must be stayed.