J. W. WADSWORTH v. W. S. STEWART.

*Pleading—Proviso.*

1. Where a statute giving a right of action contains a *proviso*, the plaintiff need not negative it, but if the case falls within the *proviso* the defendant must set it up in the answer.

2. So, in an action for failing to keep a sufficient bridge over a canal cut across a public road, brought under §2036 of *The Code*, the plaintiff need not allege that the road was laid off before the mill was erected, in order to negative the *proviso* in that statute.

(*Railroad Co.* v. *Robeson*, 5 Ired., 391; *Gorman* v. *Bellamy*, 82 N. C., 496; *Mulholland* v. *Brownrigg*, 2 Hawks, 349; cited and approved).

This was a CIVIL ACTION, tried on complaint and demurrer, before *Graves, Judge*, at August Term, 1886, of MECKLENBURG Superior Court.

The plaintiff alleged, in substance, that there was, and had been for fifty years or more, a public highway, used and worked as such by the county authorities of Mecklenburg county, between the city of Charlotte and Rozzel's Ferry, on the Catawba river, leading to the town of Lincolnton.

That on the 17th day of July, 1885, and for many years prior to that day, the defendant, and those under whom he claims, were the owners in fee of a tract of land in Mecklenburg county, on both sides of said public road, and lying on both sides of a creek, known as Asbury's Creek, where the said public road crosses the same.

That on said stream and land, a few hundred feet north of said public road, there was and had been for many years, a grist-mill, owned by the defendant and those under whom he claimed, and there was a dam just above said mill on said land, to provide water to run the mill.

That there was and had been for many years, a saw-mill about fifty yards south of the said public road, and a canal or race had been cut by the defendant or those under whom he claimed, of the depth of six or eight feet and about ten feet wide, across said public road, on the land of the defendant, for the purpose of carrying the water to the saw-mill, and there was a wooden bridge over the canal or race, over which the public passed on said highway.

That the defendant, about fifteen or twenty years prior to the 17th of July, 1885, removed the grist-mill from the north side of the road to the south side thereof, at or near the place where the saw-mill had formerly stood, and used the canal or race to convey water to the mill, and it had been so used and operated by the defendant for fifteen or twenty years.

That it was the duty of said defendant, as the owner of said land and water-mill, in accordance with the provisions of §2036 of *The Code*, to erect, construct, and maintain, such necessary and lawful bridges over said canal on said highway, for the use of the public, so long as the same might be needed by reason of the continuance of the mill.

That defendant, in disregard of said duty and obligation, failed and neglected to erect such a lawful and necessary bridge across the canal as was required by the statute, but so constructed the bridge, that it was not of the necessary width for vehicles to pass over, it being only about ten feet wide, and was wholly without railing or other protection at the sides thereof to prevent passengers or vehicles with horses from falling into said canal, and by reason of the narrowness of said bridge, and the want of railing thereto, the same was highly dangerous to persons and animals crossing it.

That in consequence of the failure of the defendant to perform the duties and obligations resting upon him as aforesaid, and his failure to construct and maintain such a lawful and necessary bridge over said canal on the public highway, and to provide proper railing or protection at the sides thereof as herein before alleged, the plaintiff's servant, while lawfully traveling on said highway, with a carriage and four horses of plaintiff, in the night time, on the 17th day of July, 1885, without fault on the part of said servant in passing over said bridge, had the two lead horses of plaintiff precipitated into the canal, one of them drowned and

the other so fatally injured that it died shortly thereafter; the harness cut to pieces in the attempt to rescue said horses, and suffered other injuries to the damage of plaintiff five hundred dollars.

There was a second cause of action, charging the defendant with failure and neglect to keep the bridge in good repair for many months prior to the 17th of July, 1885, and with failure to erect railings or other protection to prevent horses and vehicles from falling into the canal, and in not removing from the bridge objects calculated to frighten horses in passing over the same; and also with having failed to make the bridge of sufficient width, by reason whereof it became dangerous to the public, and in consequence of which the damage herein before stated was sustained, &c.

The defendant demurred to both causes of action, the ground of demurrer to each being the same, to-wit:

" 1. That said alleged cause of action does not state facts sufficient to constitute a cause of action, in that the complaint does not state that the mill set forth in the complaint was erected, or the canal or race was cut, before the laying off of the public highway therein specified.

" 2. Or that said road was not laid off by the request of the owner of the mill of this defendant or any other previous owner thereof."

His Honor gave judgment overruling the demurrer, and allowing the defendant to answer.

From this judgment the defendant appealed.

*Mr. John Devereux, Jr.,* for the plaintiff.
*Messrs. W. H. Bailey* and *Heriot Clarkson,* filed a brief for the defendant.

DAVIS, J., (after stating the facts). The section of *The Code* [2036,] under which this action is brought, is as follows:

" It shall be the duty of every owner of a water-mill which is situate on any public road, and also of every person who, for the purpose of draining his lands, or for any other purpose, shall construct any ditch, drain or canal across a public road, respectively, to keep at his own expense in good and suffi-cient repair, all bridges that are or may be erected or attached to his mill-dam, immediately over which a public road may run ; and also to erect and keep in repair all necessary bridges over such ditch, drain or canal on the highway, so long as they may be needed by reason of the continuance of said mill or mill-dam, ditch, drain or canal : *Provided, That noth-ing herein shall be construed to extend to any mill which was erected before the laying off such road, unless the road was laid off by the request of the owner of the mill.*"       *       *       *       *

The demurrer is based upon the ground that the complaint fails to allege that the mill set forth therein was erected, or that the canal or race was cut, before the laying off of the road, or if before, that the road was laid off by the request of the owner of the mill, and admitting all the other facts to be true, as stated in the complaint, the plaintiff is not entitled to recover, because of this failure.

It clearly appears from the allegations in the complaint, if true, that the highway existed before the canal or race was cut, for it alleges that the canal or race " was cut across said public road."

But it is insisted that the *proviso* in the statute must be set out in the complaint and negatived before a *prima facie* case can be made out against the defendant. In the case of the *Railroad Company* v. *Robeson,* 5 Ired., 391, relied on by the defendant, it is said that " a *proviso* is properly the statement of something extrinsic of the subject-matter of the contract, which shall go in discharge of the contract, and, if it is a covenant, by way of defeasance.       *       *       *       *       *
A proviso need not be stated in the declaration, for this, says Mr. Chitty, ought to come from the other side." In the same

case, Judge NASH, quoting the opinion of ASHURST, Justice, in a case cited, says, in speaking of a *proviso* : " This, therefore, being a circumstance, the omission of which was to defeat the plaintiff's right of action, once vested, whether called by the name of a *proviso*, by way of defeasance, or a condition subsequent, it must in its nature be a matter of defence, and ought to be shown by the defendants ;" and *Gorman* v. *Bellamy*, 82 N. C., 496, is to the same effect. The duty of the defendant in regard to the bridge is clearly stated, and the breach is clearly stated. The complaint complies fully with the requisites of *The Code*, §233. If the mill was erected before the laying off of the road, and the road was not laid off by the request of the owner, the defendant may avail himself of the benefits of the *proviso* by answer, and this will raise an issue of fact, to be submitted to the jury, and passed upon by them. It is a matter of defence, which, under the old practice, it was not necessary to set out in the declaration, and which now need not be set out in the complaint. *Mulholland* v. *Brownrigg*, 2 Hawks, 349.

There is no error. Let this be certified.

No error. Affirmed.