UNITED STATES of America, Appellant,

v.

Herbert R. EDMONDSON, as Executor of H. L. Edmondson Estate, Appellee.

No. 20810.

United States Court of Appeals Fifth Circuit.

May 15, 1964.

Rehearing Denied June 24, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty. Dept. of Justice, Washington, D. C., Charles L. Goodson, U. S. Atty., Slaton Clemmons, Asst. U. S. Atty., Atlanta, Ga., Benjamin M. Parker, Robert N. Anderson, Attys. Dept. of Justice, Washington, D. C., for appellant.

Herbert Edmondson, J. E. Palmour, Jr., Gainesville, Ga., for appellee.

Jeremiah Luxemburger, Jones, Bird & Howell, Edward R. Kane, Earle B. May, Jr., Atlanta, Ga., for amicus curiae.

Before TUTTLE, Chief Judge, and POPE * and BROWN, Circuit Judges.

PER CURIAM:

The judgment here appealed from was decided by the trial court in favor of the taxpayer on the authority of United States v. First National Bank and Trust Company of Augusta, 5 Cir., 297 F.2d 312. That case decided that the year's support provisions under the laws of the State of Georgia were such as to bring such award for year's support within the provisions of the Internal Revenue Code allowing a marital deduction. 26 U.S. C.A. § 2056. Since the decision of the trial court, the United States Supreme Court has decided the case of Jackson v. United States, 84 S.Ct. 869. In the Jackson case the Supreme Court affirmed a judgment of the Court of Appeals for the Ninth Circuit, which held that the allowance provided by California law for the support of a widow during the settlement of her husband's estate did not qualify as a marital deduction. The ratio decidendi of the Court's decision was such that it follows necessarily that the Court has overruled our prior decision in United States v. First National Bank and Trust Company, supra.

Under the Georgia statute, the widow is entitled to no year's support unless she applies for it prior to her death and prior to her remarriage. Thus, it is apparent on the face of the statute that her right is a terminable one. As such it does not qualify because of the provisions of subsection (b) of the Statute which pro-

vides: "Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest * * *." It appearing that the widow's right under the Georgia Statute will fail in the event of her death prior to her application for year's support, or in the event of her remarriage prior to such application, the year's support provision under the Georgia Statute clearly falls within sub-section (b), and, as the Supreme Court held with respect to the California allowance, it does not qualify under the marital deduction section of the Internal Revenue Code.

We have carefully considered the supplemental briefs filed by appellees and the amicus curiae briefs in which an effort is made to distinguish the Georgia situation from that of the California case. We conclude that for the purpose of the Federal Tax Statutes no distinction is permissible. The basis of this Court's decision in the earlier case was that the question of terminability is tested as of the time of the order of the Court of Ordinary, and not as of the date of death. This point was specifically dealt with by the Supreme Court in the Jackson case. The Court there said:

"Petitioners ask us to judge the terminability of the widow's interest in property represented by her allowance as of the date of the Probate Court's order rather than as of the date of her husband's death. * * * It is true that some courts have followed this path [citing United States v. First National Bank and Trust Company of Augusta, 297 F.2d 312, C.A. 5; Estate of Margaret R. Gale, 35 T.C., 215; and Estate of Michael G. Rudnick, 36 T.C., 1021]. * * * We prefer the course followed by both the Court of Appeals for the Ninth Circuit in Cunha's Estate [Cunha's Estate v. Commissioner, 9

* Of the Ninth Circuit, sitting by designation.

Cir., 279 F.2d 292], supra, and by the Court of Appeals for the Eighth Circuit in United States v. Quivey, 292 F.2d 252. Both courts have held the date of death of the testator to be the correct point of time from which to judge the nature of a widow's allowance for the purpose of deciding terminability and deductibility under § 812(e) (1). This is in accord with the rule uniformly followed with regard to interests other than the widow's allowance, that qualification for the marital deduction must be determined as of the time of death [citing Bookwalter v. Lamar, 323 F.2d 664, C.A. 8; United States v. Mappes, 318 F.2d 508, C.A. 10; Commissioner v. Ellis' Estate, 252 F.2d 109, C.A. 3; Starrett v. Commissioner, 223 F.2d 163, C.A. 1; Estate of Sbicca v. Commissioner, 35 T.C. 96]."

The judgment must, therefore, be reversed and the case is remanded to the District Court for the entry of a judgment for the United States.