HAMILTON NATIONAL BANK OF KNOXVILLE, Executor of the Estate of John Edd Bradley, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 16071.

United States Court of Appeals Sixth Circuit.

Dec. 17, 1965.

Benjamin M. Parker, Atty., Dept. of Justice, Washington, D. C., for appellant,

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., on the brief, John Reddy, U. S. Atty., David E. Smith, Asst. U. S. Atty., Knoxville, Tenn., of counsel.

H. H. McCampbell, Jr., Knoxville, Tenn., for appellee.

Before CELEBREZZE, Circuit Judge, and CONNELL* and MACHROWICZ**, District Judges.

CELEBREZZE, Circuit Judge.

On March 19, 1961, John Bradley died testate, survived by his wife, Dora Bradley, and two minor children by a former marriage. On April 11, 1961, Dora Bradley filed her dissent from the will of her deceased husband. In conformity with T.C.A., Section 30–802, the widow then filed an application for a year's support. The amount of $8,400. was set apart as the widow's year's support. The executor of the estate of John Bradley filed a federal estate tax return. Included in the amount of the marital deduction from the gross estate of the decedent was the $8,400. year's support. This deduction was disallowed and a deficiency of $1,548.78 was paid. In this suit to recover the assessment, the District Court, in its opinion reported in 229 F.Supp. 885 (1964), held the executor of the estate of John Bradley was entitled to a refund of federal estate taxes in the amount of $1,548.78. The United States appeals.

We are here concerned with the applicability of the marital deduction to the widow's year's support. The availability of the year's support to the surviving spouse under state law is not in doubt.

The sole question presented by this appeal is whether, under Tennessee law, a widow's interest in a statutory year's support constitutes a "terminable interest" within the purview of Section 2056 (a), (b) (1) of the 1954 Internal Revenue Code, and consequently fails to qualify for the marital deduction.

Section 2056(a), (b) (1), 1954 Internal Revenue Code provides:

"(a) Allowance of marital deduction.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.

"(1) General Rule. Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest * * *."

Congress has indicated that, other than the enumerated exceptions to the terminable interest rule, Section 2056(a), (b) (1) was intended to be "all encompassing with respect to various kinds of contingencies and conditions". Sen. Rept. No. 1013 (Part 2) 80th Congress, 2d Sess., Pg. 7.

The Supreme Court in Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964), held that in order for the widow's allowance to qualify for the marital deduction, and thus escape the terminable interest limitation, the widow's interest in the year's support must be indefeasible and unconditional as of the moment of the decedent's death. The critical factor in applying the terminable interest rule is the possibility un-

* Honorable James C. Connell, Chief Judge, United States District Court for the Northern District of Ohio, sitting by designation.

** Honorable Thaddeus M. Machrowicz, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

der state law of the failure of an interest rather than the actual failure. In most states, the widow's year's support is subject to a number of contingencies at the time of the husband's death, each of which may render the interest terminable.[1]

■ If under state law the right to receive the allowance terminates upon the occurrence of such contingencies as the death or remarriage of the widow, the widow's interest is terminable under Section 2056(a), (b) (1). Jackson v. United States, supra, Cunha's Estate v. Commissioner of Internal Revenue, 279 F.2d 292 (C.A.9, 1960); United States v. Quivey, 292 F.2d 252 (C.A.8, 1961); Darby v. Wiseman, 323 F.2d 792 (C.A. 10, 1963); United States v. Edmondson, 331 F.2d 676 (C.A.5, 1964); The Second National Bank of New Haven v. United States, 222 F.Supp. 446 (D.C., Conn., 1963).

Where the widow has an absolute right at the date of death to the year's support, and the right is not extinguished by death or remarriage, the following courts have held the widow's support is not a terminable interest. Estate of Avery v. Commissioner of Internal Revenue, 40 T.C. 392 (1963); Rensenhouse v. Commissioner of Internal Revenue, 31 T.C. 818 (1959); Molner v. United States, 175 F.Supp. 271 (D.C., Ill., 1959); and Estate of Reynolds v. United States, 189 F.Supp. 548 (D.C., Mich., 1960).

Many states, such as Tennessee, require the surviving spouse to dissent from the will and apply for the year's support before the widow is entitled to the year's support. The fact that a petition by the widow is a prerequisite to granting a widow's year's support has been held not to render the widow's interest terminable. Rensenhouse v. Commissioner of Internal Revenue, supra, and Molner v. United States, supra. In Rensenhouse, the Court said:

"The invocation of the proper legal procedures is required with regard to widow's allowances in most jurisdictions, and if this were a relevant factor in considering the applicability of Section 812(e) (1) (b) it would almost universally preclude the allowance as a marital deduction of amounts expended in accordance with the local law for support of the surviving spouse of the decedent."

Similar to the widow's dissent and application for the year's support is the widow's dissent and application for compensation in lieu of dower. It has been uniformly held the compensation qualifies for the marital deduction, and invoking the necessary legal procedures to enforce the right is not a condition or contingency precedent to its existence. United States v. Crosby, 257 F.2d 515 (C.A.5, 1958); Dougherty v. United States, 292 F.2d 331 (C.A.6, 1961); United States v. Hiles, 318 F.2d 56 (C.A. 5, 1963); First National Bank of Roanoke v. United States, 335 F.2d 91 (C.A.4, 1964); Moore v. United States, 214 F.Supp. 603 (D.C., Ky., 1963); Wachovia Bank and Trust Co. v. United States, 234 F.Supp. 897 (D.C., N.C.,

---

[1] There still remains an uncertainty as to how broadly the terminable interest provision will be defined. It has been suggested that the adoption of the date of death approach will eliminate almost all deductions for widow's allowances. Landers v. Commissioner of Internal Revenue, 38 T.C. 828 (1962); Mertens, The Law of Federal Gift and Estate Taxation, 1964 Cumulative Supplement, Section 29.-27; 22 New York University Institute on Federal Taxation 1146 (1964); 63 Michigan Law Review 924 (1964–1965).

In Jackson v. United States, supra, the Court said:

"We are mindful that the general goal of the marital deduction provisions was to achieve uniformity of federal estate tax impact between those States with community property laws and those without them. But the device of the marital deduction which Congress chose to achieve uniformity was knowingly hedged with limitations, including the terminable-interest rule. These provisions may be imperfect devices to achieve the desired end, but they are the means which Congress chose."

1964); Tax Regulations, Sec. 20.2056 (e)–2(c).[2]

To hold that an interest is terminable only because legal procedures are invoked to enforce an interest which is otherwise vested at the date of the husband's death, is to hold that all elective rights, such as the widow's allowance and the statutory interest in lieu of dower, are disqualified as marital deductions.[3] However, this question need not be answered here for under Tennessee law, as we construe it, the widow does not have a vested right to the year's allowance at the date of her husband's death.

The applicable provisions of the Tennessee Code provide:

"§ 30–802. Year's support set apart for widow and family. Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three (3) freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one (1) year after the decease of her husband."

"§ 30–803. Year's support exempt from debts or execution. The moneys and effects so set apart shall be the absolute property of the widow for said uses, and shall not be taken into the account of the administra-tion of the estate of said intestate, nor seized upon any precept or execution."

"§ 30–805. Year's support given children when no widow surviving. If there be no widow, or she die before the year's support is set apart, the same provision shall be made for the children of the intestate, or of the widow, or of both, under the age of fifteen (15)."

Pursuant to Section 30–802, when a husband dies testate the widow must first dissent from her husband's will before she applies for the widow's support. Section 30–803 gives absolutely to the widow the money and property set apart for her support. The support vests absolutely when the property is set apart. Bayless v. Bayless, 44 Tenn. 359 (1867); and Webb v. Brandon, 51 Tenn. 285 (1871).

Section 30–805 makes provision for the support of the children when the widow dies before the year's support is set apart. This section makes it clear that if the widow dies before the year's support is set apart, the widow's estate does not have a right to the year's support. Rather, upon the contingency of the widow's death prior to a setting apart of the year's support, a right of support under certain circumstances inures to the benefit of the minor children.[4] Implicit in this section is the fact the widow has a terminable interest in the year's support until it is set apart.[5]

Significantly, the comparative legislation for Section 30–802 refers to N.Car. Gen.Stat., Section 30–15 and Section

---

2. It is important to note that some state statutes provide that in the event the surviving spouse dies after the testator and before the time for dissent expires, the personal representative of the surviving spouse may make the dissent.

   However, some states hold the right to dissent is personal to the surviving spouse and does not survive the death of the surviving spouse. Nevertheless, all the above cited cases hold the statutory interest in lieu of dower qualifies for the marital deduction.

3. See footnote 1.

4. Here it is not argued that the minor children would take under this section, since they are the minor children of a previous marriage and not dependent upon the surviving spouse for their support. Chapman v. Tipton, 200 Tenn. 237, 292 S.W.2d 25 (1956).

5. In Pope v. Alexander, 194 Tenn. 146, 250 S.W.2d 51 (1952), the husband died testate on May 8, 1948. Twelve days later the surviving spouse died. One of the questions raised in the case was whether or not the estate of the widow was entitled to a widow's year's sup-

30–20. Prior to the 1961 amendments these two sections provided:

"§ 30–15. Every widow of an intestate, or of a testator from whose will she has dissented, shall, unless she has forfeited her right thereto as provided by §§ 52–19 and 52–20, be entitled, in addition to her distributive share in her husband's personal estate, to an allowance therefrom of the value of five hundred dollars for her support for one year after his decease. Such allowance shall be exempt from any lien, by judgment or execution, acquired against the property of the husband."

"§ 30–20. Upon the application of the widow * * * the personal representative of the deceased shall apply to a justice of the peace * * * to summon two persons * * * who * * * shall * * * ascertain the person or persons entitled to an allowance * * * and assign to the widow * * * so much thereof as they shall be entitled to by law. * * * Such assignment shall vest in the widow and children such property, and the right to collect the debts thus allotted."

The above North Carolina statutes providing for the year's allowance closely resemble the Tennessee support statutes. The North Carolina courts have held that if a widow died before the allotment was confirmed, the right to the widow's allowance did not survive her death. Cox v. Brown, 27 N.C. 194 (1844); In re Dunn, 63 N.C. 137 (1869); Simpson v. Currton, 97 N.C. 116 (1887).

In Wachovia Bank and Trust Co. v. United States, supra, the widow applied for and was awarded a year's allowance.

Holding the widow's allowance did not qualify for the marital deduction since the allowance abated if the surviving widow died before the allowance had been assigned to her, the Court said:

"Under North Carolina General Statutes, Chapter 30, § 16, the administrator is only under a duty to assign the year's allowance upon written application of the widow, signed by her, and within one year from the decedent's death. If these requirements are not met, there is no duty to assign the allowance; therefore, it is terminable. Following the Jackson opinion, the Court holds that the widow's year's allowance herein is not part of the marital deduction."

■ T.C.A., Section 31–611 is not applicable here, as appellee contends. This section provides:

"§ 31–611. Death of surviving spouse before expiration of time for dissent. Powers of personal representative. In event either the widow or husband die after the death of the spouse-testator and before the time for dissent expires, the personal representative of the widow or husband may, in like manner and every respect, seek the guidance of the court respecting a dissent, with like authority to the court."

Section 31–611 is found in the dower and dissent chapter of the Tennessee Code and does not give the personal representative the right to apply for the widow's allowance. This Section gives the personal representative the right to seek the guidance of the court respecting a dissent, it does not give the personal representative the absolute right to dissent.[6]

---

port. The Tennessee Supreme Court affirmed the Chancellor by saying that "for obvious reasons" the widow's estate was not entitled to the year's support. The Court, however, did not give the reasons for its holding.

6. In Hamilton National Bank v. Haynes, 180 Tenn. 247, 174 S.W.2d 39 (1943),

the Court denied the application to dissent, saying: "The Court is not at all interested in authorizing a dissent from the will for the purpose of enriching the estate of such deceased person for the benefit of his or her heirs." See also Pinkerton v. Truman, 196 Tenn. 448, 268 S.W.2d 347 (1953).

■ This Court finds that under Tennessee law, the widow loses her year's support if she dies prior to the application and setting apart of the allowance, and that under Section 30–803 her rights vest as of the time the property is set apart, and not at the moment of decedent's death. Under Jackson v. United States, supra, this is a terminable interest and consequently does not qualify for the marital deduction.

The judgment of the District Court will be reversed and the case remanded with instructions to enter judgment for the Appellant.