Willie Warren SILVEY, as Executrix of
the Estate of Gordon E. Silvey,
Deceased, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 63–221.

United States District Court
N. D. Alabama, M. D.

Dec. 27, 1966.

George V. Eyraud, Jr. and J. Scott Vowell, of Beddow, Embry & Beddow, Birmingham, Ala., for plaintiff.

Macon L. Weaver, U. S. Atty., and E. Ray Acton, Asst. U. S. Atty., Birmingham, Ala., and C. Moxley Featherston, Acting Asst. Atty. Gen., Myron C. Baum and Jack D. Warren, Attys., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

LYNNE, Chief Judge.

The facts were fully stipulated by the parties. Gordon E. Silvey (the decedent) died on January 16, 1957, leaving a last will and testament,[1] dated July 17, 1947, wherein Willie Warren Silvey (plaintiff, executrix or Mrs. Silvey), the decedent's surviving spouse, was named as a beneficiary and as executrix. Such will was duly admitted to probate by the Probate Court of Etowah County, Alabama, and on January 24, 1957, letters testamentary were issued to plaintiff.

Contending that the Commissioner erred in reducing the amount of the marital deduction claimed by her on the federal estate tax return and in disallowing the claim for refund of the deficiency and interest resulting therefrom, plaintiff insists that the interest in the property which passed to her under decedent's will was a nonterminable interest within the meaning of section 2056 of the Internal Revenue Code of 1954.

■ That the provisions of Items Three and Four of the will, standing alone, create in the surviving spouse a defeasible fee simple (or "qualified," "determinable," or "base" fee) is demon-

---

[1] "KNOW ALL MEN BY THESE PRESENTS: That I, Gordon E. Silvey, of Gadsden, Alabama, being of sound mind and disposing memory, do hereby make, publish and declare this to be my last will and testament.

"ITEM ONE: I direct that my personal representative hereinafter named, shall, as soon after my decease as practicable, pay all my just debts.

"ITEM TWO: I direct that my personal representative shall expend not exceeding the sum of Three Hundred Dollars per month, using such part thereof as is reasonably necessary, for the care, support and maintenance of my mother, Julia E. Silvey, so long as she may live, and this shall be a charge against real estate owned by me at the date of my death.

"ITEM THREE: *Should she survive me to the date of the probate of this will*, I devise and bequeath to my wife, Willie Warren Silvey, all of my property, both real and personal, subject, however, to the direction and charge contained in Item Two.

"ITEM FOUR: *Should my wife not survive to the date of the probate of this will*, I bequeath to the First Presbyterian Church of Gadsden, Alabama, to be placed in its building fund, the sum of One Thousand Dollars, to Mrs. Madelyn Hudson the sum of One Thousand Dollars, and my personal representative shall convert to cash all of the rest and residue of my estate, both real and personal, and distribute the same to my next of kin, surviving me at the date of the probate of this will.

"ITEM FIVE: It is my will and I do hereby appoint my wife, Willie Warren Silvey, *should she survive to the probate of this will*, as the executrix of this my last will and testament and exempt her from giving any bond and empower her as such executrix, to sell and dispose of such portion of my estate, both real and personal, as in her judgment is necessary for the proper and due administration thereof, without any order of court and to execute conveyances, transfers and assignments thereof; to compromise, adjust and release claims due to or against my estate as in her discretion may be proper and to execute such instruments proper or necessary to effectuate such purposes. It is my request that in all legal matters pertaining to my estate and investments and changes therein, my wife shall confer with, and be largely guided by the advice and discretion of my friend, John A. Lusk, Jr.

"*Should my wife not survive to the probate of this will*, it is my will and I do hereby appoint John A. Lusk, Jr., as the executor of this my last will and testament with like exemptions and powers hereinabove given to my wife as executrix.

"IN WITNESS WHEREOF I have hereunto set my hand and seal on this the 17 day of July, 1947, in the presence of the undersigned witnesses, who I have requested to attest my signature hereto.

/s/ Gordon E. Silvey (SEAL)"

(Emphasis supplied.)

strated by the opinion of this court, after canvassing pertinent Alabama authorities, in Robertson v. United States, 199 F.Supp. 78 (N.D.Ala.1961), reversed on another ground, 310 F.2d 199 (5th Cir. 1962). Thus the interest passing to Mrs. Silvey does not qualify for the marital deduction unless it falls within one of the exceptions to the terminal interest rule.

■ Clearly such interest does not fit into the exception contained in section 2056(b) (3).[2] According to the terms of the will, Mrs. Silvey's death prior to the probate of the will would have terminated the interest bequeathed to her. Since the will could have been filed for probate within a period of five years from the date of the testator's death, Code of Ala., tit. 61, § 34 (Recompiled 1958), there existed at the time of his death a possible contingency that Mrs. Silvey might survive the decedent by more than six months and die thereafter before the will was probated. This possible contingency defeats the exception. Frederick v. Commissioner, decided April 20, 1962 (21 T.C.M. 480, 483).

The remaining exception to the terminable interest rule deserving of comment[3] is embodied in section 2056(b) (5).[4] In substance, it provides that where less than an absolute interest passes from a decedent to his surviving spouse with income payable to the spouse for life and with power in the surviving spouse to appoint the entire interest to herself or her estate, the interest shall not be considered a terminable interest, provided the power in the surviving spouse is exercisable by the surviving spouse *alone and in all events*.

■ There is no language in this will which will support an inference that the testator intended to invest Mrs. Silvey, acting alone and in all events, with the power to appoint the entire interest to herself or her estate. Cf. Robertson v. United States, 310 F.2d 199 (5th Cir. 1962). Indeed, the repeated requirement that she survive the testator to the date of the probate of the will, without more, is a complete negation of such power.

■■ The probate of wills in Alabama is a matter within the exclusive jurisdiction of the Probate Court. Ex Parte Russell, 239 Ala. 641, 196 So. 718

2. Specifically, section 2056(b) (3) provides:

"* * * an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if— (A) such death will cause a termination or failure of such interest *only* if it occurs within a period not exceeding 6 months after the decedent's death * * *; and (B) such termination or failure does not in fact occur." (Emphasis added.)

3. Extended comment would seem unnecessary since in *Robertson* Judge Rives, writing for the court, rejected sub silentio appellant's insistence "That by virtue of her right to become executrix and as such to distribute her one-half interest in the estate to herself as a beneficiary at any time, she had in substance the required power of appointment."

4. "(5) *Life estate with power of appointment in surviving spouse.*—In the case of an interest in property passing from the decedent, if his surviving spouse is entitled for life to all the income from the entire interest, or all the income from a specific portion thereof, payable annually or at more frequent intervals, with power in the surviving spouse to appoint the entire interest, or such specific portion (exercisable in favor of such surviving spouse, or of the estate of such surviving spouse, or in favor of either, whether or not in each case the power is exercisable in favor of others), and with no power in any other person to appoint any part of the interest, or such specific portion, to any person other than the surviving spouse—

(A) the interest or such portion thereof so passing shall, for purposes of subsection (a), be considered as passing to the surviving spouse, and

(B) no part of the interest so passing shall, for purposes of paragraph (1) (A), be considered as passing to any person other than the surviving spouse.

This paragraph shall apply only if such power in the surviving spouse to appoint the entire interest, or such specific portion thereof, whether exercisable by will or during life, is exercisable by such spouse alone and in all events. * * * *"

(1940). It cannot be accomplished unilaterally by a designated representative. Allen v. Pugh, 206 Ala. 10, 89 So. 470 (1921). Assuming, arguendo, that Mrs. Silvey had the exclusive right to offer the will for probate and thereafter to letters testamentary, to equate this right with the power to appoint the entire interest to herself or her estate exercisable by herself alone or in all events without the intervention of the Probate Court would· be to perform an act of judicial alchemy which this court expressly rejected in Robertson v. United States, supra.

Judgment is due to be entered for defendant.