ESTATE OF VIRGINIA LOREN RAY, ANDREW M. RAY, EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4836–68.  Filed May 27, 1970.

*Albert J. Horn,* for the petitioner.
*Jeffrey E. Boly,* for the respondent.

#### OPINION

RAUM, *Judge:* The Commissioner determined a deficiency in petitioner's estate tax in the amount of $23,555.90. Under the terms of her will, the decedent, Virginia Loren Ray, gave her residuary estate to her surviving husband on the condition that within 4 months after her death he execute and file in Probate Court a binding agreement in which he promised to bequeath property of equivalent value to their daughter and also undertook to make no gifts or other transfers without adequate consideration seeking to defeat the provisions of the agreement for their daughter's benefit. In the event he did not execute such agreement the bequest was to pass to a trust for the benefit of the daughter. At issue is whether this bequest is a terminable interest

---

which does not qualify for the marital deduction allowed by section 2056, I.R.C. 1954. The facts have been stipulated.

Virginia Loren Ray died testate on August 12, 1964, a resident of San Mateo County, Calif., and her spouse, Andrew M. Ray (Andrew), was named executor.

Petitioner filed an estate tax return with the district director of internal revenue, San Francisco, Calif., on November 12, 1965, in which a marital deduction of $83,876.87 was claimed. In his notice of deficiency the Commissioner disallowed the deduction to the extent of $81,831.87 [1] in respect of the decedent's residuary estate, which was disposed of as follows under paragraph Fourth of her will:

FOURTH: On the condition that my said husband, ANDREW MALCOLM RAY, shall within four months after my death file with the probate court having jurisdiction over the administration of my estate a written agreement wherein he shall agree to bequeath and devise to our daughter, DEBORAH LYNN RAY, upon his death by his will property of equivalent value to the property bequeathed and devised to him under the provisions of this paragraph FOURTH, and wherein he will further agree to make no gifts or other transfers without adequate consideration seeking to defeat the provisions of such agreement for our said daughter, I hereby give, bequeath and devise to my said husband, ANDREW MALCOLM RAY, all of the rest, residue and remainder of my estate, including all property not hereinabove effectually disposed of.

Paragraph Fifth provided, in part:

FIFTH: If my said husband shall predecease me or shall have failed to execute and file the agreement required of him by paragraph FOURTH hereof, I hereby give, bequeath and devise all of the rest, residue and remainder of my estate, including all property of every kind and wheresoever situated over which I may have the power of appointment or of testamentary disposition and which is not herein otherwise effectually disposed of, to my father, D. H. LOREN, and WELLS FARGO BANK, a corporation, as trustees, in trust, for the uses and purposes and with the powers and subject to the conditions following, to wit * * *

Under paragraph Fifth the trustees were to expend the income or principal of the trust for the benefit of the daughter Deborah Lynn Ray. Provision was also made for distributions of capital to her at specified ages and for payments in the event of her death before or after the creation of the trust.

Pursuant to paragraph Fourth of the will, Andrew filed an agreement with the Superior Court of the State of California, in and for the County of San Mateo, on September 10, 1964. Under the terms of this agreement the petitioner promised:

(1) That he will at all times keep and maintain in force a good and valid will wherein or whereby he will bequeath and devise to DEBORAH LYNN RAY, daughter of the said ANDREW MALCOLM RAY and the said VIRGINIA LOREN RAY, property of equivalent value to the property bequeathed and de-

---

[1] The record does not show how this amount was computed.

vised to him under the provisions of the said paragraph FOURTH of the said will of the said VIRGINIA LOREN RAY.

(2) That he will not at any time make any gifts or other transfers without adequate consideration which will defeat the foregoing agreement for the benefit of the said DEBORAH LYNN RAY.

The petitioner has maintained a will which complies with the foregoing agreement.

On September 24, 1968, the Superior Court of the State of California, in and for the County of San Mateo, sitting in probate, entered its decree of final distribution in the matter of the Estate of Virginia Loren Ray. The decree provided in part:

11. In the said decedent's will the entire estate of the said decedent was bequeathed to her husband, ANDREW M. RAY, executor herein, on the condition that he execute and file with the court ". . . a written agreement wherein he shall agree to bequeath and devise to our daughter, DEBORAH LYNN RAY, upon his death by his will property of equivalent value to the property bequeathed and devised to him under the provisions of this paragraph FOURTH, and wherein he will further agree to make no gifts or other transfers without adequate consideration seeking to defeat the provisions of such agreement for our said daughter . . . ." Pursuant to provisions of the said will the said ANDREW M. RAY did file such an agreement with the clerk of this court on September 10, 1964. It is the obligation of the said ANDREW M. RAY, under the said agreement, to bequeath to his daughter, DEBORAH LYNN RAY, by his will, the sum of $171,453.73 representing the value of the property bequeathed and devised to him under the will of the said decedent, minus the debts of the said decedent, costs of administration, inheritance taxes and estate taxes, which sum of $171,453.73 is, however, subject to adjustment in the event that the estate taxes shown as $8,531.68 on the estate tax return filed by the executor and later modified shall subsequently be increased by the Internal Revenue Service as a result of tax litigation. The said ANDREW M. RAY has full power to use and consume the said sum of $171,453.73 and all of his other assets in such manner as he deems appropriate and he has a present vested interest therein and is unaccountable to anyone therefor and has the use, possession and full ownership thereof without restrictions of any kind, except that he may not give any portion of the said sum of $171.453.73 away to any person other than to his daughter, DEBORAH LYNN RAY.

This decree was entered pursuant to the petition of the executor and after a hearing at which the provisions of the proposed decree were uncontested.

At issue is whether the decedent's bequest to her husbad qualifies for the marital deduction allowed by section 2056, I.R.C. 1954.[2] That sec-

---

[2] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or

tion provides that no marital deduction shall be allowed for a "terminable interest" passing from the decedent to the surviving spouse. In general, an interest is regarded as "terminable" and is to be disqualified for deduction where at the time of decedent's death (1) it will terminate or fail on the lapse of time or on the occurrence or nonoccurrence of an event or contingency; (2) an interest in the same property passes or has passed from the decedent to someone other than the surviving spouse for less than an adequate and full consideration in money or money's worth; and (3) such other person will be able to possess or enjoy any part of such property upon the termination or failure of the surviving spouse's interest. We think that the bequest here in issue is a "terminable interest" within the meaning of these provisions.

Under the terms of the decedent's will the bequest to her spouse was expressly conditional: the bequest would fail if Andrew failed to execute and file a written agreement promising that he would devise to their daughter an amount equivalent to the value of the residuary estate devised to him under the decedent's will and that he would not defeat this undertaking by making inter vivos transfers without adequate consideration. In the event Andrew did not execute the foregoing agreement within 4 months of the decedent's death the bequest was to pass to a trust for their daughter. Thus, under the terms of the bequest the gift would fail upon the passage of 4 months without performance of the conditions of paragraph Fourth. Also, if the conditions were not fulfilled the entire bequest would pass to a trust for the decedent's daughter for less than adequate and full consideration. Finally, the trustees designated by the decedent would possess and her daughter would enjoy the bequest upon the failure of Andrew's interest. Thus, the provisions of section 2056(b) would appear to disqualify the residuary bequest here in issue for the marital deduction.

---

contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

    (A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

    (B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

    (C) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For purposes of this paragraph, an interest shall not be considered as an interest which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term.

We note that the case before us is similar to *Allen* v. *United States*, 359 F. 2d 151 (C.A. 2). There the decedent devised his estate to his surviving spouse on the condition that she execute and file with the surrogate under whose jurisdiction her husband's will would be probated an agreement that she would leave her estate to his four children. The court in *Allen* held that the interest given the spouse was a terminable interest which did not qualify for the marital deduction, stating (359 F. 2d at 155) :

at the crucial moment of Allen's death, the bequest to his spouse, could not qualify for the marital deduction because all three characteristics of a terminable interest were present. The interest passing to Allen's spouse under Part I [of the will] could have lapsed by her failure to execute the "required agreement" or by the refusal of the Surrogate to approve. As a result, a "third party," specifically, Allen's daughter by the first marriage, could have enjoyed or possessed the residue of her father's estate by virtue of the contingent interest which passed to her under Part II [of his will]. * * *

We see no valid distinction between *Allen* and the present case.

Petitioner argues that we should determine whether the interest received by Andrew was terminable by examining the nature of the interest received by him once the conditions of the will were fulfilled. We disagree. Our concern is only with the interest passing at the time of death and no later. The court in *Allen* stated (359 F. 2d at 154) :

It is now well settled that the determination of whether an interest is terminable is to be judged in the light of events at the precise moment of the decedent's death. If, viewed at the time of the death, the interest bequeathed to the spouse might terminate under some circumstances, that interest is terminable for the purposes of section 2056(b)(1) regardless of what subsequent events came to pass. Thus, a reviewing court must focus on the moment of the testator's death to determine the nature of a marital gift for estate tax purposes, unless the Internal Revenue Code expressly provides to the contrary, as in section 2056(b)(3). Jackson v. United States, supra ; United States v. Edmonson, 331 F. 2d 676 (5th Cir. 1964) ; Bookwalter v. Lamar, 323 F. 2d 664 (8th Cir.), cert. denied, 376 U.S. 969, 84 S. Ct. 1135, 12 L. Ed. 2d 84 (1963) ; United States v. Mappes, 318 F. 2d 508 (10th Cir. 1963) ; United States v. Quivey, 292 F. 2d 252 (8th Cir. 1961) ; Cunha's Estate v. Commissioner of Internal Revenue, 279 F. 2d 292 (9th Cir.), cert. denied, 364 U.S. 942, 81 S. Ct. 460, 5 L. Ed. 2d 373 (1960) ; Starrett v. Commissioner of Internal Revenue, 223 F. 2d 163 (1st Cir. 1955).

See also *Shedd's Estate* v. *Commissioner*, 237 F. 2d 345, 349–352 (C.A. 9).

Since it is clear that Andrew's interest was terminable as of the time of his wife's death, the nature of the interest received by Deborah under California law, discussed at length by petitioner, has no bearing on this case. The fact remains that she did receive an interest in the bequest of her mother to Andrew and that by reason of this interest, however classified under California law, Andrew's interest was terminable under the provisions of 2056(b).

Petitioner's reliance upon *Estate of James Mead Vermilya*, 41 T.C. 226, is misplaced. Not only must that case be read in the light of our later decision in *Estate of Edward W. Opal*, 54 T.C. 154, which severely limited its scope, but it is sharply to be distinguished from the present case. *Vermilya* involved the effect of a joint and mutual will, whereas this case turns upon the potential failure of the marital bequest by reason of the possible failure of the surviving spouse to comply with the conditions specified by the decedent within 4 months of her death. It is only under the very limited and restricted provisions of section 2056(b)(3)[3] relating to gifts conditioned on survivorship that the terminable character of the bequest may be determined as of the end of a fixed period following the decedent's death. The conditions herein are not covered by those provisions, and since the decedent's spouse had no more than a contingent interest in the decedent's bequest at the time of her death (by reason of the conditions of paragraph Fourth of the will), his interest must be classified as terminable under the statute. Cf. *Estate of Harry Fried*, 54 T.C. 805; *Silvey* v. *United States*, 265 F. Supp. 235 (N.D. Ala.).

Finally, petitioner argues that the bequest in issue qualifies for the marital deduction under section 2056(b)(5) as a life estate with a power of appointment. This argument appears to be subject to the same infirmities as petitioner's principal contention, but, in any event, not only is the point otherwise dubious (cf. *Pipe's Estate* v. *Commissioner*, 241 F. 2d 210 (C.A. 2), affirming 23 T.C. 99), but, furthermore, since the argument is made for the first time in petitioner's reply brief, we do not pass upon it here. Cf. *J. William Frentz*, 44 T.C. 485, 490–491, affirmed 375 F. 2d 662 (C.A. 6); *Eleanor C. Shomaker*, 38 T.C. 192, 201; *Bellefontaine Federal Savings & Loan Association*, 33 T.C. 808, 812; *Lynne Gregg*, 18 T.C. 291, 303, affirmed per curiam 203 F. 2d 954 (C.A. 3).

*Decision will be entered for the respondent.*

---

[3] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(3) INTEREST OF SPOUSE CONDITIONAL ON SURVIVAL FOR LIMITED PERIOD.—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event; * * *