ESTATE OF JOSEPH F. ABELY, DECEASED, WILLIAM F. ABELY, COEXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 7765–71. Filed April 25, 1973.

*Donal O'Callaghan,* for the petitioner.
*Jack Raymond Selzer,* for the respondent.

### OPINION

RAUM, *Judge:* The Commissioner determined a deficiency of $18,-307.92 in the estate tax of the Estate of Joseph F. Abely. The only issue is whether a widow's allowance of $50,000 under Massachusetts law is a "terminable interest" within the meaning of section 2056(b), I.R.C. 1954, and therefore does not qualify for the marital deduction.

Joseph F. Abely (decedent) died testate on March 29, 1969, a citizen of the United States and a resident of Massachusetts. His survivors included his widow, Nora Abely, and three sons. On March 11, 1970, one of the sons, William F. Abely, as coexecutor, filed the estate tax return in question. At the time the petition herein was filed William F. Abely's principal office was in Quincy, Mass.

In his will the decedent made specific bequests amounting to $54,000, consisting of bequests of $10,000 each to his wife and three sons, and $2,000 each to his grandchildren living at the time of his death, of which there were seven. The will further directed that the residue of his estate be placed in a testamentary trust, with his wife and three sons as trustees. Nora Abely was the income beneficiary of this trust, and she was given the right to withdraw any part of the corpus of the trust at the discretion of a majority of the trustees. Upon her death the trust was to terminate, and the remaining principal of the trust, along with any remaining undistributed income, was to be equally divided among decedent's three sons.

The estate tax return reported a total gross estate in the amount of $365,113.83, consisting of the following items:

| | |
|---|---|
| Stocks and bonds | $266,622.00 |
| Insurance | 61,346.77 |
| Jointly owned property | 37,145.06 |
| | 365,113.83 |

The return claimed deductions in the aggregate amount of $192,585.14, which included a $172,528.68 marital deduction, which in turn was based upon an unexplained figure of $311,057.37 identified as "Bequests, etc., to surviving spouse." The residuary estate, based upon the data reported in the return, was $192,565.54, computed as follows:

| | | |
|---|---|---|
| Gross estate | | $365,113.83 |
| Less: | | |
| Specific bequests | $54,000.00 | |
| Insurance | 61,346.77 | |
| Jointly owned property | 37,145.06 | |
| Funeral and administrative expenses | 17,911.02 | |
| Debts of decedent | 2,145.44 | |
| | | 172,548.29 |
| | | 192,565.54 |

On October 15, 1970, over 1½ years after the death of Joseph F. Abely, Nora Abely petitioned the Probate Court of Norfolk County, Mass., for a widow's allowance for "necessaries for herself." On February 25, 1971, the court granted her petition and awarded her a widow's allowance of $50,000. The parties have stipulated that "The widow's allowance of $50,000 was included in the marital deduction claimed on the estate tax return."

In his deficiency notice, the Commissioner disallowed $64,036.85 of the marital deduction of $172,528.66 claimed by the estate. This amount was disallowed "because the interest of the surviving spouse in property passing from the decedent did not exceed $108,491.83 as follows:

| | |
|---|---|
| Transfer of jointly-owned property | $37,145.06 |
| Insurance proceeds on life of decedent | 61,346.77 |
| Specific bequest (Article 6 of Will) | 10,000.00 |
| | $108,491.83" |

Accordingly, the Commissioner allowed a marital deduction of only $108,491.83. He did not allow a marital deduction in any amount for the value of Mrs. Abely's interest in the testamentary trust, or for the $50,000 widow's allowance which she was granted. The Commissioner also increased the gross estate by $1,500, including therein the fair market value of the household furnishings of the decedent.

The only issue to be decided is whether the widow's allowance of $50,000 qualifies for the marital deduction under section 2056,[1] I.R.C. 1954, thereby increasing the amount of that deduction to $158,491.83. Petitioner makes no argument with respect to the other adjustments in the estate tax return made by the Commissioner in his deficiency notice.

Section 2056(a), I.R.C. 1954, provides for a deduction from the value of the gross estate of an amount equal to the value of any interest in property which passes, or has passed, from the decedent to the surviving spouse. There are, however, certain restrictions and limitations on this deduction. Thus, section 2056(b) provides that no deduction shall be allowed for a "terminable interest" passing from the decedent to the surviving spouse. "In general, an interest is regarded as 'terminable' and is to be disqualified for deduction where at the time of decedent's death (1) it will terminate or fail on the lapse of time or on the occurrence or nonoccurrence of an event or contingency; (2) an interest in the same property passes or has passed from the decedent to someone other than the surviving spouse for less than an adequate and full consideration in money or money's worth; and (3) such other person will be able to possess or enjoy any part of such property upon the termination or failure of the surviving spouse's interest." *Estate of Virginia Loren Ray*, 54 T.C. 1170, 1173. In our judgment the widow's allowance of $50,000 granted by the Massa-

---

[1] SEC. 2056. BEQUESTS, ETC., TO SURVIVING SPOUSE.

(a) ALLOWANCE OF MARITAL DEDUCTION.—For purposes of the tax imposed by section 2001, the value of the taxable estate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

(b) LIMITATION IN THE CASE OF LIFE ESTATE OR OTHER TERMINABLE INTEREST.—

(1) GENERAL RULE.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed under this section with respect to such interest—

(A) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse) ; and

(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse ;

and no deduction shall be allowed with respect to such interest (even if such deduction is not disallowed under subparagraphs (A) and (B))—

(C) if such interest is to be acquired for the surviving spouse; pursuant to directions of the decedent, by his executor or by the trustee of a trust.

\*　　\*　　\*　　\*　　\*　　\*　　\*

(3) INTEREST OF SPOUSE CONDITIONAL ON SURVIVAL FOR LIMITED PERIOD.—For purposes of this subsection, an interest passing to the surviving spouse shall not be considered as an interest which will terminate or fail on the death of such spouse if—

(A) such death will cause a termination or failure of such interest only if it occurs within a period not exceeding 6 months after the decedent's death, or only if it occurs as a result of a common disaster resulting in the death of the decedent and the surviving spouse, or only if it occurs in the case of either such event \* \* \*

chusetts court is a "terminable interest" within the meaning of these provisions.

The issue as to the point of time from which to determine whether a widow's allowance is a "terminable interest" within the meaning of section 2056(b) was settled by the Supreme Court in *Jackson* v. *United States*, 376 U.S. 503. It is now firmly established that the date of death of the decedent is the correct time from which to make this determination. *Jackson* v. *United States*, 376 U.S. at 508; *Allen* v. *United States*, 359 F. 2d 151, 154 (C.A. 2) ; *Hamilton National Bank of Knoxville* v. *United States*, 353 F. 2d 930, 931 (C.A. 6) ; *United States* v. *Edmondson*, 331 F. 2d 676, 677–678 (C.A. 5) ; *Estate of Virginia Loren Ray*, 54 T.C. at 1174. Moreover, in deciding whether a widow's allowance is terminable as of the date of death of the testator the State law under which the allowance was granted must be examined. "If under state law the right to receive the allowance terminates upon the occurrence of such contingencies as the death or remarriage of the widow, the widow's interest is terminable under Section 2056(a), (b) (1)." *Hamilton National Bank of Knoxville* v. *United States*, 353 F. 2d at 932; see *Estate of Green* v. *United States*, 441 F. 2d 303 (C.A. 6) ; *Iowa-Des Moines National Bank* v. *United States*, 306 F. Supp. 320, 322 (S.D. Iowa) ; *Estate of Edward A. Cunha*, 30 T.C. 812, 815, affirmed 279 F. 2d 292 (C.A. 9), certiorari denied 364 U.S. 942.

The Massachusetts "widow's allowance" is provided for in Mass. Ann. Laws, ch. 196, sec. 2 (1969).[2] One characteristic of the Massachusetts allowance is that it is personal to the widow, and, unless a decree awarding it has become final before her death, the right to the allowance will not survive her. *Adams* v. *Adams*, 51 Mass. (10 Met.) 170. In *Adams* the probate judge granted an allowance to the widow, and the executor appealed. Before the appellate court could hear the case the widow died. In holding that her administrator could not claim the allowance, the court stated, "we are of opinion, that this provision is intended for the present relief of the widow, for the maintenance of herself and children; that it is temporary in its nature and personal

[2] Sec. 2. Allowance of Necessaries.

Such parts of the personal property of a deceased person as the probate court, having regard to all the circumstances of the case, may allow as necessaries to his widow for herself and for his family under her care, or if there is no widow or if the deceased was a woman, to the minor children of the deceased, not exceeding one hundred dollars to any child, and also such provisions and other articles as are necessary for the reasonable sustenance of his family, if the deceased was a man, or of her minor children, if the deceased was a woman, and the use of the house of the deceased and of the furniture therein for six months next succeeding his or her death, shall not be taken as assets for the payment of debts, legacies or charges of administration. After exhausting the personal property, real property may be sold or mortgaged to provide the amount of allowance decreed, in the same manner as it is sold or mortgaged for the payment of debts, if a decree authorizing such sale or mortgage is made, upon the petition of any party in interest, within one year after the approval of the bond of the executor or administrator.

in its character, and confers no absolute or contingent right of property, which can survive her, or go to her personal representative." 51 Mass. at 171. Thus, it is clear that under Massachusetts law if Nora Abely had died before any allowance had been granted, her right to the allowance would have terminated. Also, an interest in the decedent's estate to the extent of the $50,000 allowance had passed to decedent's sons as of the date of his death for less than an adequate and full consideration in money or money's worth, through their remainder interest in the trust. Finally, they would have been able to enjoy that interest upon the death of Nora Abely. Thus, the provisions of section 2056(b) disqualify the $50,000 widow's allowance for the marital deduction.

Petitioner relies upon *Estate of Michael G. Rudnick*, 36 T.C. 1021, in which this Court analyzed the Massachusetts widow's allowance and held that it did qualify for the marital deduction under section 2056, I.R.C. 1954. However, *Rudnick* was decided before the Supreme Court's decision in *Jackson* v. *United States*, and it examined the widow's interest as of the time the Probate Court entered its order granting the allowance, rather than as of the time of the decedent's death. 36 T.C. at 1023. Thus, the Court in *Rudnick* stated, "Our conclusion is that under Massachusetts law a widow's allowance will fail if she dies before a decree awarding it to her becomes final but once the decree has become final, her right thereto becomes vested and the amount thereof will become a part of her estate if she dies. The fact that the widow may die before the award becomes final does not make the allowance or the right thereto a terminable interest within the meaning of section 2056(b)." 36 T.C. at 1026. This approach, which views the allowance as of the time it is granted, was, however, specifically rejected by the *Jackson* Court, which cited *Rudnick* in a footnote as a case which had followed this disapproved path. 376 U.S. at 507, fn. 5. We agree with the conclusions of *Rudnick* concerning Massachusetts law; however, it is clear that when the widow's allowance is viewed as of the time of death of the decedent it is a "terminable interest" within the meaning of section 2056(b). Indeed, when the allowance is viewed as of that point in time it is possible for the widow to die, thereby extinguishing her right to the allowance, before she has even applied for it. To the extent that *Rudnick* is inconsistent with these conclusions, it will no longer be followed.[3]

Finally, petitioner has argued that a distinction should be drawn between a lump-sum allowance, as in the instant case, and an allowance for a monthly amount, claiming that this distinction was recog-

---

[3] Similarly, *Estate of Edward A. Cunha*, 30 T.C. 812, upon which *Rudnick* relied (36 T.C. at 1023), will no longer be followed to the extent that it is inconsistent with our opinion herein.

nized by the Supreme Court in *Jackson*. We have found no language in *Jackson* which would indicate that the Supreme Court wished to draw this distinction, and post-*Jackson* decisions dealing with the question of whether a widow's allowance qualifies for the marital deduction under section 2056 have not recognized this distinction. See *Hamilton National Bank of Knoxville* v. *United States*, 353 F. 2d 930; *Stephens* v. *United States*, 270 F. Supp. 968 (D. Mont.); *Wachovia Bank & Trust Co.* v. *United States*, 234 F. Supp. 897 (M.D. N.C.); cf. *Estate of Green* v. *United States*, 441 F. 2d 303. Moreover, in *Jackson* the order granting the allowance was issued 14 months after decedent's death, and it provided that a monthly amount be paid to the widow beginning from the date of decedent's death and continuing for 24 months. Thus, as of the date of the order a lump-sum payment had already accrued to the widow, and the remainder of the allowance was to be paid in monthly installments. The Supreme Court did not allow any part of the allowance to qualify for the marital deduction; no distinction was drawn between that portion which was a lump sum as of the time of the order and that portion which was a monthly payment.

Accordingly, in order to give effect to possible additional deductions for attorney's fees,

*Decision will be entered under Rules 50 and 51.*