ESTATE OF JOHN D. SPENCER, DECEASED, ERNESTINE W. SPENCER, EXECUTOR; JOHN D. SPENCER TRUST A, ERNESTINE W. SPENCER, TRUSTEE; JOHN D. SPENCER TRUST B, ERNESTINE W. SPENCER, TRUSTEE; AND ERNESTINE W. SPENCER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Spencer v. Commissioner
Docket No. 1517-91
United States Tax Court
T.C. Memo 1992-579; 1992 Tax Ct. Memo LEXIS 597; 64 T.C.M. (CCH) 937; September 28, 1992, Filed *597 Decision will be entered under Rule 155. For Petitioners: Robert T. Pappas. For Respondent: James D. Hill. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: Respondent determined a deficiency of $ 416,477.62 in petitioners' Federal estate tax. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect as of the date of decedent's death. All Rule references are to the Tax Court Rules of Practice and Procedure. The issues for decision are: (1) Whether the surviving spouse's interest in a trust constitutes qualified terminable interest property under section 2056(b)(7), thereby qualifying the trust's assets for the estate tax marital deduction provided by section 2056(a). We hold that it does not. (2) Whether, pursuant to section 6901, the John D. Spencer Trust A, Ernestine W. Spencer, Trustee, and John D. Spencer Trust B, Ernestine W. Spencer, Trustee, are liable as transferees for the Federal estate tax deficiency of the Estate of John D. Spencer. We hold that the trusts are liable as transferees. The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and attached exhibits are incorporated herein. *598 John D. Spencer (decedent) died on March 6, 1987. Decedent was survived by his wife, Ernestine W. Spencer (Mrs. Spencer). At the time the petition was filed in this case, Mrs. Spencer resided in Newark, Ohio. On September 24, 1984, decedent executed, as grantor, the John D. Spencer Trust Agreement (Spencer Trust), a revocable inter vivos trust, and Mrs. Spencer executed the same agreement as trustee. The Spencer Trust became irrevocable upon the death of John D. Spencer. Decedent executed a last will and testament (the will) on September 24, 1984. In the will, decedent named Mrs. Spencer as executor. In the event Mrs. Spencer was unable or unwilling to serve as executor, decedent appointed his two daughters as alternate coexecutors. The will contained a specific bequest of certain property to Mrs. Spencer. Item V of the will provided that the residue of decedent's estate would be used to fund the Spencer Trust. On June 10, 1986, decedent as grantor and Mrs. Spencer as trustee amended the Spencer Trust. The Spencer Trust, as amended, provided decedent's executor with the discretionary authority to qualify all or any part of the trust for the Federal estate tax marital deduction *599 by electing to treat such property as a qualified terminable interest property under section 2056(b)(7). The Spencer Trust provided that in the event that the executor of decedent's estate elected to treat all or any part of the Spencer Trust property as a qualified terminable interest property, that portion of the trust property would be known and administered as John D. Spencer Trust A (Trust A). All of the income from Trust A was to be payable to Mrs. Spencer at quarterly or more frequent intervals. The Spencer Trust further provided that the portion of the Spencer Trust which the executor did not elect to treat as a qualified terminable interest property would be known and administered as John D. Spencer Trust B (Trust B). The Spencer Trust provided that Trust B would be administered for the benefit of the grantor's spouse, the grantor's children, and the children of any deceased child of the grantor. Section 5(b) of the Spencer Trust stated, in part, that: (b) The balance of the trust (hereinafter referred to as "Trust B") shall be administered as follows: (i) The Trustee shall accumulate all income earned by the trust. (ii) The Trustee may distribute to any one or more *600 of the Grantor's spouse, the Grantor's children, and the children of any deceased child of the Grantor such portion or portions of the accumulated income or principal of the trust as the Trustee from time to time deems appropriate in order to support and maintain the distributee in the manner to which he shall have become accustomed, to care for the health of the distributee, or to provide the distributee with an education, including a vocational, college or post-graduate education.
In determining whether to exercise the power conferred by this subsection in favor of any particular prospective distributee, the Trustee shall act as would a fond and judicious spouse, parent and grandparent possessed of similar resources, and shall take into account the other resources which may be available to both that prospective distributee and all other prospective distributees, including the resources of anyone who is legally obligated to support any prospective distributee and the resources of the spouse of any prospective distributee. In exercising such power, the Trustee shall not be required to maintain equality among prospective distributees. Mrs. Spencer has been the only trustee for Trusts *601 A and B. John D. Spencer died on March 6, 1987. At the time of decedent's death, Mrs. Spencer was decedent's surviving spouse. Decedent's will was admitted to probate in the Probate Court of Licking County, Ohio, on March 13, 1987. On the same date, Mrs. Spencer was appointed as executor of decedent's estate, and has served as the sole executor of the estate from that date forward. The value of decedent's gross estate for Federal estate tax purposes totaled $ 1,875,297.14. On December 3, 1987, Mrs. Spencer, as executor of decedent's estate, elected to convey various stocks, bonds, notes, mortgages, partnership interests, and cash to Mrs. Spencer, as trustee of Trust A. The parties have stipulated that the value of the property transferred to Trust A is $1,175,953.16 for Federal estate tax purposes. This value represented 70.4593 percent of the residuary estate. This $ 1,175,953.16 amount was listed on Schedule M of decedent's estate tax return (Form 706) as qualified terminable interest property transferred to Trust A. Respondent's notice of deficiency disallowed the $ 1,175,953.16 estate tax marital deduction attributable to the property transferred from decedent's estate *602 to Trust A. The executor's transfer of the estate assets to Mrs. Spencer as trustee of Trust A was without consideration. On December 3, 1987, the balance of the residuary estate, 29.5407 percent, was conveyed to Mrs. Spencer as trustee of Trust B. The executor's transfer of assets to Mrs. Spencer as trustee of Trust B was without consideration. All of the property transferred from decedent's estate to Trusts A and B was property owned by decedent, or derived from such property. All of the property transferred from decedent's estate to Trusts A and B was included in decedent's gross estate for Federal estate tax purposes. Following the transfer of assets from decedent's estate to Trusts A and B, the value of the estate assets was zero. On December 5, 1987, Mrs. Spencer, as executor of decedent's estate, filed Form 706 and elected to treat the assets of Trust A as a qualified terminable interest property under section 2056(b)(7) for purposes of the estate marital deduction allowed by section 2056(a). On November 8, 1990, respondent mailed a notice of deficiency to the "Estate of John D. Spencer, Ernestine W. Spencer, Executrix", which disallowed the estate tax marital deduction *603 to the extent the deduction was attributable to the assets conveyed to Trust A. On November 8, 1990, respondent mailed a notice of transferee liability to "Ernestine W. Spencer, Transferee and Trustee, John D. Spencer Trust A", relating to the liability assessed against the transferee of the estate assets. On the same date, respondent mailed a notice of transferee liability to Mrs. Spencer as trustee of the Trust B assets. The parties herein agree that funeral and administrative expenses for which the estate is entitled to a deduction for Federal estate tax purposes, excluding attorney's fees from the date of the notice of deficiency, total $ 38,182.24. In the event that respondent's disallowance of the estate tax marital deduction is sustained, the parties have agreed that a deduction will be allowed to the estate for the administrative expense of attorney's fees from the date the notice of deficiency was issued in the instant case. Section 2001 imposes a tax on the transfer of the taxable estate of all persons who are citizens or residents of the United States at the time of death. The amount of tax is determined, in part, by the value of the taxable estate. Sec. 2001(b). *604 Section 2051 defines the value of the taxable estate as the gross estate less deductions. Section 2056(a) allows a "marital deduction" from a decedent's gross estate for the value of the property interests passing from decedent to a surviving spouse. As a general rule, however, a marital deduction is denied for a "terminable interest", i.e., a property interest that will terminate or fail "on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur". Sec. 2056(b)(1). Thus, an interest in the nature of a life estate is generally ineligible for the marital deduction. See generally Estate of Doherty v. Commissioner, 95 T.C. 446, 459 (1990); Estate of Nicholson v. Commissioner, 94 T.C. 666, 671 (1990); Estate of Higgins v. Commissioner, 91 T.C. 61, 66 (1988), affd. 897 F.2d 856 (6th Cir. 1990). Section 2056(b)(7), however, provides that certain life estate interests are eligible for the marital deduction. The Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, sec. 403(d), 95 Stat. 172, 302, added *605 section 2056(b)(7), which allows a marital deduction for "qualified terminable interest property". This section was enacted to allow a decedent to pass to the surviving spouse an interest in property without losing the ability to control the disposition of that property at the death of the surviving spouse. As explained in the House report, unless certain interests which fail to give the surviving spouse total control of a property interest are eligible for the unlimited marital deduction: a decedent would be forced to choose between surrendering control of the entire estate to avoid imposition of estate tax at his death or reducing his tax benefits at his death to insure inheritance by the children. The committee believes that the tax laws should be neutral and that tax consequences should not control an individual's disposition of property. * * * [H. Rept. 97-201 (1981), 1981-2 C.B. 352, 378.] Section 2056(b)(7)(B) defines "qualified terminable interest property" as follows: (B) * * * For purposes of this paragraph -- (i) In general. -- The term "qualified terminable interest property" means property -- (I) which passes from the decedent, (II) *606 in which the surviving spouse has a qualifying income interest for life, and (III) to which an election under this paragraph applies. (II) Qualifying income interest for life. -- The surviving spouse has a qualifying income interest for life if -- (I) the surviving spouse is entitled to all the income from the property, payable annually or at more frequent intervals, * * * and (II) no person has a power to appoint any part of the property to any person other than the surviving spouse. * * * (v) Election. -- An election under this paragraph with respect to any property shall be made by the executor on the return of tax imposed by section 2001. Such an election, once made, shall be irrevocable. Generally, an interest "passes from the decedent", within the meaning of section 2056(b)(7)(B)(i)(I), to any person if "such interest is bequeathed or devised to such person by the decedent". Sec. 2056(c)(1). The intent of section 2056(b)(7)(B)(ii) was to provide that the surviving spouse has a "qualifying income interest for life" in property only if the surviving spouse is "entitled for a period measured solely by the spouse's life to all the income from the entire interest, or all *607 the income from a specific portion thereof". H. Rept. 97-201 (1981), 1981-2 C.B. 352, 378. Where an income interest will terminate prior to the death of the surviving spouse, that interest is not a qualified terminable interest within the meaning of section 2056(b)(7) and is not deductible. Estate of Clayton v. Commissioner, 97 T.C. 327, 333 (1991). If a surviving spouse has a "qualifying income interest for life" within the meaning of section 2056(b)(7)(B)(ii), that interest escapes terminable interest treatment under section 2056(b)(1). The entire property, the remainder as well as the life interest, would be treated as passing to the surviving spouse, and the entire property would qualify for the estate tax marital deduction. Pursuant to section 2044, the value of the property, to the extent not consumed, would be subject to estate tax through inclusion in the gross estate of the surviving spouse. Similarly, if there is any disposition of all or part of a qualifying income interest for life during the surviving spouse's lifetime, a gift tax would be imposed under section 2519. Estate of Kyle v. Commissioner, 94 T.C. 829, 839 (1990); *608 see H. Rept. 97-201 (1981), 1981-2 C.B. 352, 377-379. Whether an interest in property qualifies for the marital deduction must be determined as of the date of decedent's death. Jackson v. United States, 376 U.S. 503, 507-508 (1964); United States v. Edmondson, 331 F.2d 676, 677-678 (5th Cir. 1964); Estate of Clayton v. Commissioner, supra at 334. Whether a surviving spouse received a "qualifying income interest for life" must also be determined as of the date of decedent's death. See Estate of Nicholson v. Commissioner, supra at 675. Finally, "it is the possibility, not the probability, that an interest will terminate or fail that will determine whether the surviving spouse's interest is a 'qualifying income interest for life.'" Estate of Kyle v. Commissioner, supra at 845. Respondent's position is that, as of the date of decedent's death, Mrs. Spencer's interest in Trust A did not constitute "qualified terminable interest property" under section 2056(b)(7) because the interest was not *609 a "qualifying income interest for life". Respondent further argues that Mrs. Spencer's interest in Trust A is not qualified terminable interest property since it did not pass from decedent within the meaning of section 2056(b)(7)(B)(i)(I). Petitioner argues that the estate tax marital deduction provisions are to be liberally construed to accomplish their objective and that Mrs. Spencer's interest in Trust A satisfies the definition of "qualified terminable interest property" in section 2056(b)(7). We first address respondent's argument that Mrs. Spencer's interest in Trust A is not a "qualifying income interest for life". A "qualifying income interest for life" exists where: (1) The surviving spouse is entitled to all of the income from the property for life, payable annually or more frequently, and (2) no one has the power to appoint any part of the property subject to the qualifying income interest to any person other than the surviving spouse. Sec. 2056(b)(7)(B)(ii). With respect to the second requirement, the surviving spouse's interest in a qualified terminable interest property trust cannot be subject to a power to appoint the property to any person other than the surviving *610 spouse. That is, no person (including the surviving spouse) may have the power to appoint any part of the property subject to the qualifying income interest to any person other than the spouse during the spouse's life. See H. Rept. 97-201 (1981), 1981-2 C.B. 352, 378. In the instant case, the executor could make an election under section 2056(b)(7) to qualify all or any part of the Spencer Trust for the estate tax marital deduction. Such portion of the Spencer Trust would be administered as Trust A. Under Trust A, Mrs. Spencer was entitled to all the income earned by Trust A which would be payable at least annually and the trustee could invade the corpus of Trust A if certain standards were met. If the executor failed to make an election under section 2056(b)(7)(B)(v), the entire property interest would by conveyed to Trust B for the benefit of decedent's spouse, children, and grandchildren. The executor of decedent's estate, by virtue of the right to make the required election, therefore possessed the ability to control and to direct the assets to Trust A or Trust B. It is undisputed that the property transferred to Trust B does not qualify for *611 the qualified terminable interest property deduction. The executor's ability to control and to direct the assets to either Trust A or Trust B created the possibility, as of the date of decedent's death, that none of the assets in the residue of decedent's estate would be used to fund Trust A. Rather, if the qualified terminable interest property election were not exercised, the entire property interest would pass to Trust B for the benefit of persons in addition to the surviving spouse. The executor's discretionary power to direct the estate assets to Trust B constitutes an impermissible power of appointment in violation of section 2056(b)(7)(B)(ii)(II). By the same token, because of the executor's power to control and to direct the estate assets, the possibility existed that Mrs. Spencer would not be "entitled to all the income from the property" within the meaning of section 2056(b)(7)(B)(ii)(I). Mrs. Spencer's potential income interest in Trust A would never vest unless the executor made the required election. The failure of decedent to grant Mrs. Spencer an income interest in Trust A without regard to whether the applicable election was made disregards the requirement that *612 the surviving spouse must be unconditionally entitled, for a period measured solely by the spouse's life, to all of the income from the property. We agree with respondent that Estate of Clayton v. Commissioner, 97 T.C. 327, 333 (1991), a factually similar case, is dispositive of the issue before us in the instant case. In Estate of Clayton, decedent created two trusts, one of which the taxpayer claimed qualified for the estate tax marital deduction by virtue of the qualified terminable interest property provisions of section 2056(b)(7). With respect to the purported qualified terminable interest property trust, decedent's will provided that in the event the executor failed or refused to exercise the qualified terminable interest property election, the property with respect to which the election was not made would pass to a second, non-qualified terminable interest property trust. In Estate of Clayton, this Court sustained respondent's position that the surviving spouse's interest in the first trust did not constitute a "qualifying income interest for life". In Estate of Clayton, this Court stated that the executor's power, through the *613 exercise or nonexercise of the qualified terminable interest property election, to divest the surviving spouse of all or part of her interest in the trust property, was tantamount to a power to appoint the property to a person other than the surviving spouse, in violation of section 2056(b)(7)(B)(ii)(II). Estate of Clayton v. Commissioner, supra at 335-336. Moreover, this Court found that because of the executor's power to control and to direct the assets, the possibility existed that the surviving spouse would not be entitled to all the income from the property within the meaning of section 2056(b)(7)(B)(ii)(I). Accordingly, we conclude that Mrs. Spencer's interest in Trust A is not a "qualifying income interest for life". Therefore, her interest in Trust A is a nonqualified terminable interest, and decedent's estate is not entitled to an estate tax marital deduction for Mrs. Spencer's interest in the Trust A property with respect to which an election was made. Since we have concluded that the Trust A property is ineligible for a qualified terminable interest property treatment under section 2056(b)(7) because Mrs. Spencer did not have a "qualifying *614 income interest for life", it is unnecessary for us to consider respondent's contention that the property did not pass from decedent. Respondent at last contends that Trust A and Trust B, with Mrs. Spencer as trustee, are liable as transferees for the estate tax deficiency of decedent's estate pursuant to section 6901. Petitioners do not argue otherwise. We sustain respondent's determination that Trust A and Trust B are liable as transferees pursuant to section 6901. [1] The amount of the transferee's liability is limited to the lesser of the amount of the transferor's liabilities or the amount transferred to the transferee, plus any allowable interest. Yagoda v. Commissioner, 39 T.C. 170, 185 (1962), affd. 331 F.2d 485 (2d Cir. 1964). Each of the trusts was funded with property of decedent's estate which exceeded the amount of the estate tax deficiency. Accordingly, Trust A and Trust B are liable as transferees for the entire Federal estate tax deficiency determined by respondent to be due from decedent's estate. *615 Decision will be entered under Rule 155.
Footnotes
1. The parties have stipulated that both Trust A and B received a distribution of property from decedent's estate. Therefore, Trust A and B are transferees for purposes of section 6901(a)(1)(A)(ii). The existence and the extent of transferee liability are issues to be determined according to State law. Commissioner v. Stern, 357 U.S. 39, 45 (1958). The liability of the transferee is determined by the law of the State in which the transfer occurred. Id. at 42-44. The State in which the transfers occurred in the instant case was the State of Ohio. Under Ohio law, a conveyance made by a person who is or will thereby be rendered insolvent is fraudulent as to creditors, regardless of the transferor's actual intent, if the conveyance is made without fair consideration. Ohio Rev. Code Ann. sec. 1336.04 (Anderson 1979). A person is deemed insolvent when the present fair salable value of his assets is less than the amount that is required to pay the probable liability on existing debts as they become absolute and matured. Ohio Rev. Code Ann. sec. 1336.02↩ (Anderson 1979). Petitioners have stipulated that the executor's transfer of assets to Trust A and Trust B rendered the estate insolvent and that the transfers were made to both trusts without any consideration.